## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVE PAPPAS, individually and on behalf of all others similarly situated, 30822 South Creek Way Fulshear, Texas 77441,<br><br>                    Plaintiff,<br><br>     v.<br><br>METROPOLITAN POLICE DEPARTMENT OF THE DISTRICT OF COLUMBIA, 300 Indiana Avenue, N.W. Washington, District of Columbia 20001,<br><br>and<br><br>DISTRICT OF COLUMBIA, Karl A. Racine, Attorney General Office of the Attorney General 441 4th Street, N.W., Suite 630 South Washington, D.C. 20001,<br><br>and<br><br>PETER NEWSHOM, in his official Capacity as Chief of Police of the Metropolitan Police Department of the District of Columbia, 300 Indiana Avenue, N.W. Washington, District of Columbia 20001,<br><br>                    Defendants. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Steve Pappas brings this Class Action Complaint against Defendants

Metropolitan Police Department ("MPD"), the District of Columbia ("DC"), and Peter Newshom

("Newshom"), in his official capacity as Chief of Police of the MPD, (collectively

"Defendants"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief.

## NATURE OF THE ACTION

1.      Plaintiff brings this class action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, *et seq.*

2.      Plaintiff alleges that Defendants terminated his employment on account of his disability rather than accommodating him by restructuring his job duties, providing extended leave, or reassigning him to an available position that he could have performed.

3.      Plaintiff alleges that Defendants made improper medical inquiries and imposed improper medical examinations on him.

4.      Plaintiff alleges that Defendants violated the ADA and Section 504 by implementing a policy or practice of forcing employees with disabilities who spend 172 cumulative work days in less than full-duty status into disability retirement, with no possibility of reasonable accommodation by reassignment, job restructuring, or extended leave.

5.      Plaintiff alleges that Defendants violated, and continue to violate, the ADA and Section 504 by implementing a policy or practice of making improper medical inquiries and medical examinations on employees who experience off-duty illnesses or injuries.

6.      This Class Action Complaint is filed on behalf of all similarly situated employees and former employees of Defendants.

## JURISDICTION AND VENUE

7.     This Court has original jurisdiction pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§1331 and 1343.

8.     This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a) and 29 U.S.C. § 794a.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the employment practices alleged to be unlawful were committed within the District of Columbia.

## PARTIES

10.     Plaintiff Steve Pappas is a resident of Texas and worked as a Police Officer for MPD from September 24, 2001 to March 6, 2015.

11.     Defendant MPD is the primary law enforcement agency for the District of Columbia and one of the ten largest local police agencies in the United States.  MPD has over 4,000 sworn and civilian employees.

12.     Defendant DC is the jurisdiction that oversees MPD, a city government agency.

13.     Defendant Newshom is the Chief of the Metropolitan Police Department of the District of Columbia.  In his role, Newshom oversees the administration of the MPD.

14.     At all relevant times, Defendants were doing business in the District of Columbia and had at least fifteen employees.

15.     At all relevant times, Defendants MPD and DC were employers and covered entities under the ADA, 42 U.S.C. §§ 12111(2),(5).

16.     At all relevant times, Defendants MPD and DC were recipients of federal financial assistance.

17.     At all relevant times, Defendants MPD and DC were covered entities under the ADA, 42 U.S.C. § 12111(2), and Section 504, 29 U.S.C. § 794.

## FACTUAL ALLEGATIONS

18.     In 2013, while employed as a law enforcement officer by Defendant MPD, Mr. Pappas was diagnosed with congestive heart failure by his physician.

19.     Per MPD policy, Mr. Pappas reported to the Police and Fire Clinic for "medical evaluation."  MPD required Mr. Pappas to provide detailed medical records of his diagnosis and treatment.

20.     MPD then assigned Mr. Pappas to a limited-duty position.

21.     Periodically throughout his limited duty assignment, MPD required Mr. Pappas to provide the medical records of his treatment, including results of his echocardiograms and detailed letters from his treating physicians, and, on information and belief, communicated directly with his treating physicians.

22.     While on limited duty, Mr. Pappas applied for a civilian position within MPD and DC. Although he was qualified for the position, he did not receive an interview.

23.     Per MPD policy, after 172 work days in limited-duty status, Mr. Pappas was required to appear before the Police and Firefighters Retirement Relief Board for disability retirement.

24.     Despite Mr. Pappas' doctor's report from October 17, 2014 that he was hopeful Mr. Pappas would normalize within six months (by April 17, 2015), on March 6, 2015, Defendant MPD involuntarily retired Mr. Pappas expressly on the basis of disability. MPD refused to accommodate him by restructuring his position, authorizing additional leave, or permitting him to continue in a limited duty position.

25.     MPD did not engage in the interactive process or make efforts to determine if there were positions available for which Mr. Pappas was qualified as a reasonable accommodation, nor was Mr. Pappas given priority for placement into any vacant position or considered for restructuring of his position.

26.     On information and belief, Defendants had vacant positions available for which Mr. Pappas was qualified during the relevant period.

27.     At all relevant times, Defendants maintained a policy or practice that mandates involuntary retirement for MPD officers who cannot resume full-duty status after 172 cumulative work days over any 24-month period as a result of any disability that occurs outside the performance of duty, with no possibility of reassignment, job restructuring, or extended leave. Disability retirement is mandatory "regardless of whether the medical prognosis is that a member will be able to perform in a full duty status after reaching maximum medical improvement." Where the officer's disability occurs during the performance of duty, MPD may authorize additional time if the individual's prognosis is that he or she will eventually be able to perform the full duties of their position, but there is still no possibility of reassignment or job restructuring.  MPD General Order 100.11.L.

28.     At all relevant times, Defendants' policy, MPD General Order 100.11.V.B, required and continues to require law enforcement personnel to report to the Police and Fire Clinic for "medical evaluation" whenever they experience any "off-duty injury/illness."

29.     At all relevant times, Defendants' policy, MPD General Order 100.11.V.N.1, required and continues to require law enforcement personnel to "provide copies of their medical records from their private physicians upon request" during monitoring of an illness, injury, or medical condition by the Police and Fire Clinic, including but not limited to "lab reports, surgical

reports, a diagnosis and prognosis of medical condition and any other information as deemed

necessary…. The Medical Certification Report does not satisfy this requirement." Failure to

comply may result in disciplinary action.

30. All conditions precedent to the institution of this lawsuit have been fulfilled.

Mr. Pappas timely filed a Charge of Discrimination with the Equal Employment Opportunity

Commission (EEOC) alleging violations of Title I of the ADA. On August 10, 2016, the EEOC

issued a Determination finding cause to believe that by their actions and through its policies

Defendants had violated the ADA rights of Mr. Pappas and a class of similarly situated

individuals. On June 21, 2019 the Department of Justice issued a Notice of Right to Sue

regarding Mr. Pappas's claim.

31. Mr. Pappas was at all relevant times an individual with a disability within the

meaning of 42 U.S.C. § 12102 and 29 C.F.R. § 1630.2. Mr. Pappas has a physical disability that

substantially limits the operation of his cardiovascular function and, without the ameliorating

effects of medication and treatment, substantially limits other major life activities, including but

not limited to running, walking long distances, and breathing.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings Counts I and II, as set forth below, on behalf of himself and as a

class action, pursuant to the provisions of Rule 23 of the Federal Rule of Civil Procedure on

behalf of a class defined as:

> All current and former employees of Defendants who were
> employed as MPD sworn law enforcement officers between
> December 9, 2014 and July 26, 2018, who had a physical or mental
> disability and were, or were perceived by Defendants to be, unable
> to perform all the functions of their regular positions, and who
> were not considered for reassignment, job restructuring, or

extended leave as part of the reasonable accommodation process
(the "Accommodations Class").

33.     Plaintiff and the members of the Accommodations Class are similarly situated in

that they were and are all subject to the same discriminatory policy or practices.

34.     Plaintiff brings Counts III and IV, as set forth below, on behalf of himself and as a

class action, pursuant to the provisions of Rule 23 of the Federal Rule of Civil Procedure on

behalf of a class defined as:

> All current and former employees of Defendants who were
> employed as MPD sworn law enforcement officers between
> December 9, 2014 and the date that class certification is granted
> and who were subjected to Defendants' policy of requiring
> notification to, medical evaluation by, or submission of medical
> records to MPD regarding any off-duty illness or injury for which
> the inquiry or information was not limited to that which was
> necessary to aid in approval of requested sick leave or reasonable
> accommodation, or to determine the employees' ability to perform
> the essential functions of their positions (the "Inquiries Class").

35.     Certification of Plaintiff's claims for class-wide treatment under Federal Rule of

Civil Procedure 23 is appropriate because Plaintiff can prove the elements of his claims on a

class-wide basis using common proof as would be used to prove those elements in individual

actions alleging the same claims.

36.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The Accommodations

Class contains a large number of former employees who were forced into disability retirement by

Defendants and current employees with disabilities who are being or will be denied reasonable

accommodations and subjected to forced disability retirement. The precise number of Class

members and their addresses are presently unknown to Plaintiff but may be ascertained from

Defendants' books and records. On information and belief, the number of class members exceeds

40. Class members may be notified of the pendency of this action by mail, email, Internet postings, and/or publication.

37.     The Inquiries Class contains a large number of current and former employees with and without disabilities who were subjected to improper medical inquiries and examinations likely to elicit information about a disability.  The precise number of Class members and their addresses are presently unknown to Plaintiff but may be ascertained from Defendants' books and records. On information and belief, the number of class members exceeds 1,000. Class members may be notified of the pendency of this action by mail, email, Internet postings, and/or publication.

38.     **Commonality – Federal Rule of Civil Procedure 23(a)(2).**  Common questions of law and fact exist as to all Accommodations and Inquiries Class members and predominate over questions affecting only individual Class members, such as whether Defendants have a policy or practice that forces disability retirement and denies accommodations; whether Defendants have a policy or practice that requires medical inquiries and examinations that are likely to elicit disability information; whether those policies or practices violate federal law; whether Defendants' policies are job-related and consistent with business necessity; and whether Plaintiff and the other members of the Class are entitled to damages, declaratory relief, injunctive relief, or other equitable relief.

39.     Defendants engaged in a common course of conduct based on their adoption and application of the MPD disability retirement policy or practice and the reasonable accommodation policy or practice that gives rise to the legal rights sought to be enforced by Plaintiff, on behalf of himself and the other Class members.  Similar or identical violations of

federal law are involved.  Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action.

40.     Defendants engaged in a common course of conduct based on their adoption and application of the MPD policy requiring notice and medical evaluation of all off-duty illnesses and injuries and requiring submission of medical records.  Similar or identical violations of federal law are involved.  Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action.

41.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the claims of the other Accommodations and Inquiries Class members because, among other things, all Class members were comparably injured through Defendants' uniform and discriminatory application of their disability retirement policy and policies requiring notice, evaluation and medical records for off-duty illnesses and injuries. Further, there are no defenses available to Defendants that are unique to Plaintiff.

42.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other Class members he seeks to represent, he has retained counsel competent and experienced in complex class action litigation, and he will prosecute this action vigorously.  The Class's interests will be fairly and adequately protected by Plaintiff and his counsel.

43.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds that apply generally to Plaintiff and the other Accommodations and Inquiries Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Accommodations and Inquiries Classes as a whole.

44.     **Predominance and Superiority – Federal Rule of Civil Procedure 23(b)(3).**  In addition, common issues of law and fact predominate over questions affecting only individual Accommodations and Inquiries Class members because proof of Defendants' common systemic policy of civil rights violations will provide the common proof to establish liability against Defendants.  By contrast, individual issues, such as compensation available to individual Accommodations Class members will be determined based primarily on the salary and benefits to which each individual would have been entitled if he or she had not been forcibly retired – a mathematical calculation based on established pay schedules set and made publicly available by Defendants.

45.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct.  Even if Class members could afford individual litigation, the court system could not. Individualized litigation would create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF

### Violation of Title I of the ADA - Reasonable Accommodations
### (On Behalf of Mr. Pappas and the Accommodations Class)

46.     The allegations contained in the previous paragraphs are incorporated by reference.

47.     Title I of the ADA, 42 U.S.C. § 12111-117, and its implementing regulation, 29 C.F.R. Part 1630, require covered employers, such as Defendants, to refrain from discriminating against employees with disabilities, including by failing to provide reasonable accommodations to such employees.

48.     Defendants have violated Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), by discriminating against Mr. Pappas and the Accommodations Class on the basis of disability in regard to accommodation, termination, and retirement of employees and other terms, conditions, and privileges of employment.

49.     Defendants have violated Section l02(b)(3)(A) of Title I of the ADA, 42 U.S.C. § 12112(b)(3)(A), by utilizing standards, criteria, or methods of administration that have the effect of discriminating against Mr. Pappas and the Accommodations Class on the basis of disability.

50.     Defendants have violated Section 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(b)(5)(A), by not making reasonable accommodations for the known physical or mental disabilities of Mr. Pappas and the Accommodations Class.

51.     Reasonable accommodations include, but are not limited to, reassignment to a vacant position when an employee with a disability can no longer perform the essential functions of the employee's position due to a disability, and a vacant position for which the employee is

qualified is available.  Reasonable accommodations also include restructuring of the duties of a position and extended leave time.

52.     Defendants have violated 102(b)(6) of Title I of the ADA, 42 U.S.C. § 12112(b)(6), by using qualification standards, employment tests, or other selection criteria that screen out or tend to screen out Plaintiff and the Accommodations Class.

53.     Plaintiff and the other aggrieved individuals for whom Plaintiff seeks relief are individuals with disabilities as defined in the ADA.

54.     Plaintiff and the members of the Accommodations Class are or were able, with or without reasonable accommodation, to perform the essential functions of their positions with job restructuring or extended leave, or could have performed the essential functions of a position obtained through reassignment.

55.     Defendants failed or refused to provide reasonable accommodations, including but not limited to job restructuring, extended leave, and reassignment, to Plaintiff and the Accommodations Class.

56.     Defendants failed or refused to engage in good faith interactions with Plaintiff and the Accommodations Class to determine appropriate accommodations.

57.     The effect of the implementation of the Defendants' discriminatory policy and practices has been to deprive Mr. Pappas and the Accommodations Class of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

58.     The unlawful employment practices of the Defendants were intentional.

59.     Upon information and belief, the unlawful employment practices of the Defendants were done with malice or with reckless indifference to the federally protected rights of Mr. Pappas and the Accommodations Class.

## SECOND CLAIM FOR RELIEF

**Violation of Section 504 of the Rehabilitation Act - Reasonable Accommodations**
**(On Behalf of Mr. Pappas and the Accommodations Class)**

60.     The allegations contained in the previous paragraphs are incorporated by reference.

61.     Defendants have violated Section 504 and its regulations by discriminating against Mr. Pappas and the Accommodations Class on the basis of disability in regard to accommodation, termination, and retirement of employees and other terms, conditions, and privileges of employment.

62.     Defendants have violated Section 504 and its regulations by utilizing standards, criteria, or methods of administration that have the effect of discriminating against Mr. Pappas and the Accommodations Class on the basis of disability.

63.     Defendants have violated Section 504 and its regulations by not making reasonable accommodations to the known physical or mental disabilities of Mr. Pappas and the Accommodations Class.

64.     Reasonable accommodations include, but are not limited to, reassignment to a vacant position when an employee with a disability can no longer perform the essential functions of the employee's position due to a disability, and a vacant position for which the employee is qualified is available.  Reasonable accommodations also include restructuring of the duties of a position and extended leave time.

65.     Defendants have violated Section 504 and its regulations by using qualification standards, employment tests, or other selection criteria that discriminate against Plaintiff and the Accommodations Class.

66.     Defendants MPD and DC are recipients of federal financial assistance subject to Section 504.

67.     Plaintiff and the members of the Accommodations Class are individuals with disabilities as defined in Section 504.

68.     Plaintiff and the Accommodations Class are or were able, with or without reasonable accommodation, to perform the essential functions of their positions with job restructuring or extended leave, or could have performed the essential functions of a position obtained through reassignment.

69.     Defendants failed or refused to provide reasonable accommodations, including but not limited to job restructuring, extended leave, and reassignment, to Plaintiff and the Accommodations Class.

70.     Defendants failed or refused to engage in good faith interactions with Plaintiff and the Accommodations Class to determine appropriate accommodations.

71.     The effect of the Defendants' discriminatory practices has been to deprive Mr. Pappas and the Accommodations Class of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

72.     The unlawful employment policy and implementing practices of Defendants were intentional.

73.     Upon information and belief, the unlawful employment practices of the Defendant were done with malice or with reckless indifference to the federally protected rights of Mr. Pappas and the Accommodations Class.

## THIRD CLAIM FOR RELIEF

### Violation of Title I of the ADA - Improper Medical Inquiries
### (On Behalf of Mr. Pappas and the Inquiries Class)

74.     The allegations contained in the previous paragraphs are incorporated by reference.

75.     Title I of the ADA, 42 U.S.C. § 12111-117, and its implementing regulation, 29 C.F.R. Part 1630, prohibit employer requests for employees' medical data, including queries likely to reveal disability-related information, because of Congress' conclusion that such revelations lead to employment discrimination. See 42 U.S.C. § 12112(d)(4).   Improper employer questions, examinations, and medical records requests themselves constitute illegal discrimination unless they are job-related and consistent with business necessity. *Id*.

76.     Defendants have violated Section 102(d) of Title I of the ADA, 42 U.S.C. § 12112(d), by subjecting Mr. Pappas and the Inquiries Class to improper medical inquiries, examinations, and medical records demands.

77.     The unlawful employment practices of Defendants were intentional.

78.     Upon information and belief, the unlawful employment practices of Defendants were done with malice or with reckless indifference to the federally protected rights of Mr. Pappas and the Inquiries Class.

## FOURTH CLAIM FOR RELIEF

**Violation of Section 504 of the Rehabilitation Act - Improper Medical Inquiries**
**(On Behalf of Mr. Pappas and the Inquiries Class)**

79.     The allegations contained in the previous paragraphs are incorporated by reference.

80.     Section 504, 29 U.S.C. § 794, and its implementing regulation, prohibit employer requests for employees' medical data, including queries likely to reveal disability-related information.

81.     Defendants have violated Section 504 by subjecting Mr. Pappas and the Inquiries Class to improper medical inquiries, examinations, and medical records demands.

82.     The unlawful employment practices of the Defendants were intentional.

83.     Upon information and belief, the unlawful employment practices of the Defendants were done with malice or with reckless indifference to the federally protected rights of Mr. Pappas and the Inquiries Class.


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims in this complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Accommodations and Inquiries Classes, respectfully requests that the Court enter judgment in his favor and against Defendants, as follows:

**I.      Claims I and II (on behalf of Mr. Pappas and the Accommodations Class)**

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from

engaging in employment practices that discriminate on the basis of disability, including but not limited to the implementation of policies to restructure positions when needed to accommodate employees with disabilities, to provide extended leave when needed to accommodate employees with disabilities, and to identify vacant positions and reassign employees with disabilities to vacant positions for which they are qualified without competition for the position, when no accommodation is available in the current job;

B.    Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices;

C.    Order Defendants to make whole Mr. Pappas and the other members of the Accommodations Class by providing appropriate back pay, front pay, and benefits with prejudgment interest, compensatory damages for past and future pecuniary losses resulting from unlawful employment practices, and other affirmative and equitable relief necessary to eradicate the effects of their unlawful employment practices;

D.    Order Defendants to make whole Mr. Pappas and the other members of the Accommodations Class by providing compensation for past and future non-pecuniary losses resulting from their unlawful employment practices, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E.    Grant such further relief as the Court deems necessary and proper in the public interest; and

F.     Award Plaintiff's attorneys' fees and costs.

II.    **Claims III and IV (on behalf of Mr. Pappas and the Inquiries Class)**

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them from engaging in employment practices which discriminate on the basis of disability, including but not limited to the implementation of policies to refrain from requiring notices, medical evaluations, and medical records that are likely to elicit disability-related information unless they are job-related and consistent with business necessity;

B.     Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and that eradicate the effects of the unlawful medical inquiry and examination practices;

C.     Order Defendants to make whole Mr. Pappas and the other members of the Inquiries Class by providing appropriate back pay, front pay, and benefits with prejudgment interest, compensatory damages for past and future pecuniary losses resulting from unlawful medical inquiry and examination practices, and other affirmative and equitable relief necessary to eradicate the effects of their unlawful medical inquiry and examination practices;

D.     Order Defendants to make whole Mr. Pappas and the other members of the Inquiries Class by providing compensation for past and future non-pecuniary losses resulting from their unlawful medical inquiry and examination practices,

including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E.  Grant such further relief as the Court deems necessary and proper in the public interest; and

F.  Award Plaintiff's attorneys' fees and costs.

Dated: September 18, 2019                Respectfully submitted,


                                         /s Eve Hill
                                         Eve Hill (Fed. Bar No. 424896)
                                         Andrew D. Levy (Fed. Bar No. 458998)
                                         Emily L. Levenson (*pro hac vice pending*)
                                         **BROWN, GOLDSTEIN & LEVY, LLP**
                                         120 East Baltimore Street, Suite 1700
                                         Baltimore, Maryland 21202
                                         Tel.: (410) 962-1030
                                         Fax: (410) 385-0869
                                         ehill@browngold,com
                                         adl@browngold.com
                                         elevenson@browngold.com


                                         /s Ellen Eardley
                                         Ellen Eardley (DC Bar No. 488741)
                                         Cyrus Mehri (DC Bar No. 420970)
                                         **MEHRI & SKALET, PLLC**
                                         1250 Connecticut Ave., NW, Suite 300
                                         Washington, DC 20036
                                         Tel.: (202) 822-5100
                                         Fax: (202) 822-4997
                                         eeardley@findjustice.com
                                         cmehri@findjustice.com

                                         *Counsel for Plaintiff and Putative Class*