# EXHIBIT D

# GENERAL ORDER



## DISTRICT OF COLUMBIA

| Subject | | |
|---|---|---|
| **Compliance with Title I of the Americans with Disabilities Act** | | |
| Topic | Series | Number |
| **PER** | **100** | **14** |
| Effective Date | | |
| **July 26, 2018** | | |
| **Related To:** SO-00-19 (Compliance with Title II of the Americans with Disabilities Act), Effective date August 16, 2000 **Rescinds:** SO-17-05 (Compliance with Title I of the Americans with Disabilities Act), Effective date June 30, 2017 CIR-07-05 (People First Respectful Language Modernization Act of 2006), Effective date June 28, 2007 | | |

| I. | Background | Page | 1 |
|---|---|---|---|
| II. | Policy | Page | 1 |
| III. | Definitions | Page | 2 |
| IV. | Regulations | Page | 5 |
| V. | Procedures | Page | 6 |
| V.A | Requests for Reasonable Accommodation | Page | 6 |
| V.B | Medical Certification | Page | 8 |
| V.C | Responding to Accommodation Requests | Page | 9 |
| V.D | Denying a Request for Reasonable Accommodation | Page | 10 |
| VI. | Roles and Responsibilities | Page | 11 |
| VII. | Cross References | Page | 13 |
| VII. | Attachments | Page | 13 |

## I.    BACKGROUND

The Americans with Disabilities Act of 1990 (ADA), as amended, and the District of Columbia Human Rights Act of 1977 (DCHRA), as amended, seek to eliminate discrimination against individuals with disabilities to ensure that our workforce is as diverse as our society. The Metropolitan Police Department (MPD) is required by federal and District of Columbia (D.C.) laws to provide equal employment opportunity to qualified individuals with disabilities. MPD has a legal obligation to provide reasonable accommodations as required to facilitate the employment of qualified employees and applicants with disabilities.

## II.    POLICY

It is the policy of MPD to provide equal employment opportunities to qualified individuals with disabilities and to provide reasonable accommodations in the employment setting where such reasonable accommodations do not impose an undue hardship to the agency or represent a direct threat to the safety of the employee, coworkers, or the general public.

## III.   DEFINITIONS

When used in this directive, the following terms shall have the meanings designated:

1.   ADA coordinator – employee designated by the Chief of Police, or his or her designee, who is responsible for coordinating ADA related requests and providing guidance to members on ADA related issues. The current ADA coordinator for MPD is located in the Professional Development Bureau (PDB), Human Resource Management Division (HRMD).

2.   Benefits and privileges of employment – employer-sponsored services [e.g., employee assistance programs (EAPs)].

3.   Complainant – applicant or employee who files a complaint alleging disability discrimination.

4.   Direct threat – significant risk of substantial harm to the health or safety of the individual or others that cannot be eliminated or reduced by reasonable accommodation. The determination of a direct threat must be based on an individualized assessment of the applicant or employee with a disability, must rely on current medical knowledge, must be imminent (not an alleged or potential threat), and must not be based on generalized assumptions or stereotypes about the disability.

5.   Essential functions – job duties that are so fundamental to the position that the individual cannot do the job without being able to perform them. A qualified individual with a disability must be provided with a reasonable accommodation to allow that individual to accomplish the essential functions of the job. However, the agency is not required to exempt an employee with a disability from performing the essential functions of the job. Factors that determine the essential functions of a job include:

a.   The employer's judgment;

b.   Position descriptions written before the job was advertised and filled;

c.   Amount of time spent performing the function;

d.   Work experience of past incumbents in this job and current incumbents in similar jobs;

e.   Consequences of not requiring an individual in this job to perform a function;

    f.      Limited number of other employees available to perform the function, or among whom the function can be distributed;

    g.      Position exists to perform the function;

    h.      Function may be highly specialized so that person is hired for his or her expertise or ability to perform that function; and

    i.      Terms of a collective bargaining agreement.

8.      Major life activities – includes a wide range of activities and major bodily functions. The activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

        Major life activities also include the operation of major bodily functions, which include, but are not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

9.      Office of Disability Rights (ODR) –District government agency designated by Mayor's Order 2008-69 to coordinate and oversee compliance with the ADA by agencies of the District government.

10.    Official – sworn member the rank of sergeant or above or civilian equivalent.

11.    Person with a disability – individual, applicant or employee:

    a.      With a physical or mental impairment that substantially limits one or more of the person's major life activities;

    b.      With a record of such an impairment; or

    c.      Regarded as having such an impairment.

12.    Qualified individual with a disability – an individual with a disability who satisfies the requisite skill, experience, education, and other job-related requirements of the employment functions of the position, and who, with or without a reasonable accommodation, can perform the essential functions of the position.

13.    Reasonable accommodation – change or adjustment to the application process, the job, the work environment, or the way work is customarily done that permits a qualified applicant or employee with a disability an equal opportunity to apply for a job, to perform the essential functions of a job or to enjoy the benefits and privileges of employment as are

available to a similarly situated individual without a disability. Examples of reasonable accommodations include, but are not limited to:

a.      Making existing facilities accessible;

b.      Job restructuring;

c.      Part-time or modified work schedules;

d.      Acquiring or modifying equipment;

e.      Changing tests, training materials, or policies;

f.      Providing qualified readers or interpreters; and

g.      Reassignment to a vacant civilian position.

NOTE: Generally, reassignment will only be considered if no accommodations are available to enable the individual to perform the essential functions of his or her current job, or if the only effective accommodation would cause undue hardship.

Sworn members are reminded that in accordance with the "Fire and Police Medical Leave and Limited Duty Amendment Act of 2004," sworn members must elect to resign their position as a police officer and defer their retirement annuity to be eligible for consideration for reassignment to a vacant civilian position. Further information regarding deferred retirement annuities can be found by contacting the D.C. Retirement Board.

14.     Substantially limited in performing a major life activity – a person is restricted or prevented from performing a major life activity or major bodily function. A common sense evaluation of the impact of a disability on an applicant or employee's ability to perform a major life activity or major bodily function as compared to most people in the general population. A determination of substantial limitation must ignore the positive effects of any mitigating measures used by the person, except for ordinary eyeglasses or contact lenses. An impairment that is episodic (e.g., epilepsy) or in remission (e.g., cancer) is a disability if it substantially limits a major life activity when active. There is no requirement that an impairment be long-term or permanent to be substantially limiting; anything lasting several months may be a disability.

15.     Undue hardship – circumstances where an agency may decline to provide an accommodation because such accommodation is unduly expensive, extensive, substantial, disruptive, or fundamentally alters the nature or operations of the agency.

## IV.   REGULATIONS

A.   The Department prohibits, and shall not tolerate any form of unlawful discrimination or harassment, including that against a person with a disability. Such conduct shall result in an administrative investigation that, if sustained, may result in disciplinary action, up to, and including, termination of employment.

B.   The ADA and the DCHRA prohibit acts of retaliation against an applicant or employee who files a charge of discrimination based on a disability.

C.   Officials shall be accountable for promptly reporting and correcting unlawful discriminatory practices against a person with a disability within their knowledge and responsibility.

D.   All complainants claiming unlawful discrimination based on a disability or denial of a reasonable accommodation may contact the Department's Equal Employment Opportunity (EEO) Investigations Division to file an internal charge of discrimination. They may also contact the Office of Human Rights (OHR) and or the Equal Employment Opportunity Commission (EEOC) to file an external charge of discrimination. Complainants are encouraged to contact ODR for assistance with external and internal charges of discrimination.

E.   Complainants, and those applicants or employees engaged in carrying out the provisions of this order, shall be free from restraint, interference, coercion, discrimination, or reprisal in connection with their hiring or performance of their duties during, or following, the complaint procedure.

F.   Confidentiality

1.   Any record of information obtained by the ADA Coordinator as a part of the accommodation process that reflects the diagnosis, evaluation, or treatment of an applicant's or employee's medical or mental health condition is confidential.

2.   The applicant's or employees' medical information shall be maintained by the ADA Coordinator in a separate, locked file. These records are considered employment records.

3.   Only individuals with a demonstrated need to know about a reasonable accommodation request shall be informed about the applicant's or employee's request, and even then, the applicant's or employee's medical information shall not be disclosed or shared with a manager or other MPD official unless there is demonstrated need to know.

4.   Such records shall not be released except as required by law.

G.    Any employee who knowingly interferes with, coerces, discriminates against, or practices any form of reprisal against a complainant, or attempts any of the above, is in violation of this general order and shall be subject to an administrative investigation that, if sustained, may result in disciplinary action. Any evidence of such actions shall be immediately reported to the EEO Investigations Division.

H.    Persons with an injury covered under workers' compensation are not automatically protected by the ADA. The ADA does not require an employer to provide a reasonable accommodation for an employee with an occupational injury who does not have a disability as defined by ADA. However, given the broad definition of disability under the ADA, some employees with occupational injuries may be covered under the ADA. Therefore, agency personnel shall be alert to requests for reasonable accommodations from these persons (or doctors treating or evaluating them).

## V.    PROCEDURES

A.    Request for Reasonable Accommodation

1.    Applicants or employees with a disability may request a reasonable accommodation at any time, regardless of title, salary, grade, bargaining unit, employment status (permanent, temporary, provisional, emergency) or civil service status.

2.    The request does not have to be in writing, be formal or use any special language. It need not mention the ADA or use the phrase "reasonable accommodation."

The following are examples of requests for reasonable accommodation:

*Example A: An employee, who uses a wheelchair, informs his supervisor that his wheelchair cannot fit under his desk.*

*Example B: An employee tells her supervisor, "I need six weeks off to get treatment for my back."*

*Example C: An employee tells his supervisor, "My medication makes me so groggy in the morning; I am having trouble getting to work on time."*

3.    A request for an accommodation may be made by a third party, such as a family member, healthcare professional, or representative who is acting on the individual's behalf with their consent.

4.      All doctors' notes shall be treated as a request for reasonable accommodation except for the most minor, short-term conditions (e.g., the flu).

5.      Upon receipt of a request for a reasonable accommodation by an applicant or employee, officials shall immediately notify the agency's ADA Coordinator. The notification shall contain the following information:

   a.      Name, position title, and assignment of the applicant or employee.

   b.      Nature of the reasonable accommodation requested.

6.      Upon notification of the request for reasonable accommodation, the ADA Coordinator shall manage the case for resolution. The ADA Coordinator shall continue the interactive process to determine what, if any, accommodation should be provided and:

   a.      Immediately contact the requestor and schedule an interview. The employee's collective bargaining agent may assist the employee during this meeting in accordance with existing collective bargaining agreements. The employee also has the option to be accompanied by a representative of their choosing.

   b.      Supply the employee with the Request for Reasonable Accommodation Form (Attachment A). The employee shall be required to complete the request form.

   c.      Gather all information surrounding the request including the nature of the accommodation requested and, if relevant, the position description and essential functions of the employee's position.

   d.      Interview the requestor's supervisor and next-level manager, if necessary.

   e.      Conduct an analysis, if relevant, to determine whether the applicant or employee is a qualified individual with a disability, and if an accommodation will allow the applicant or employee to participate in the application process or perform all of the essential functions of the position without creating an undue hardship or presenting a direct threat to the safety of the requestor, co-workers, or the general public.

   f.      Consult the ODR and other subject matter experts as necessary to determine the nature and scope of the disability and the

appropriate reasonable accommodations to address the disability.

    g.    Submit the findings to the Director of the Human Resource Management Division (HRMD).

B.    Medical Certification

    1.    If the disability and the need for an accommodation are not obvious, an applicant's or employee's request for an accommodation may require that his or her health care provider complete the MPD Medical Inquiry Form (Attachment B) concerning the existence and extent of the disability. The medical certification must include the following:

        a.    The specific impairments causing the disability.

        b.    The major life functions or activities affected by the impairment.

        c.    The degree of limitation to those functions and activities caused by the impairment.

        d.    An explanation of what precisely in the application process, performance of the job duties, the workplace environment, or access to a benefit or privilege is impacted by the disability. The health care provider should be as specific and clear as possible in explaining what is impacted and exactly how it is impacted by the disability.

    2.    If it is determined that the information provided is incomplete, unclear or inconsistent, the ADA Coordinator shall request that the applicant or employee complete the Authorization for Release of Medical Information Form (Attachment C) so that additional or clarifying information can be obtained from his or her health care provider.

    3.    Required documentation from the health care provider should be received by the ADA Coordinator within four weeks of the request for accommodation when possible.

    4.    The MPD may require the applicant or employee to obtain the opinion of a second health care provider if the initial medical certification does not support a finding of a disability and or why a reasonable accommodation is necessary. The opinion of the second health care provider shall be at the expense of the MPD.

    5.    The accommodation request and medical certification may only be used for the purpose of making a decision with regards to the applicant's or employee's request for an accommodation.

C.    Responding to an Accommodation Request

1.    If an applicant or employee is found to have a disability covered under the law, the ADA Coordinator shall work with the individual to discuss and identify a reasonable accommodation that will provide the individual with an equal opportunity to apply for a job, to perform the essential functions of the job, or gain access to a benefit or privilege of employment.

2.    The ADA Coordinator shall identify the potential accommodations and assess the effectiveness of such accommodations.

3.    After the initial meeting and review of medical documentation, when necessary, the ADA Coordinator shall make a determination whether the applicant or employee is a qualified individual with a disability and develop a Reasonable Accommodation Plan (Attachment D) for the applicant or employee.

4.    Applicants or employees shall be notified of their eligibility for a reasonable accommodation by the ADA Coordinator in a timely manner.

5.    The reasonable accommodation plan shall:

a.    State whether the applicant or employee is a "qualified individual with a disability," as defined by the ADA.

b.    Outline the applicant's or employee's need for reasonable accommodation (e.g., the specific part of the application process, the functions of their position needing accommodation, or the benefit or privilege that an applicant or employee is having difficulty accessing).

c.    Recommend types of accommodation. Consideration will be given to the preference of the applicant or employee; however, the MPD has the right to select among the alternatives available as long as they are effective.

d.    Determine whether any accommodation causes an undue hardship or poses a direct threat.

6.    Within six weeks of the accommodation being granted, the ADA Coordinator shall contact the employee or applicant and assess the effectiveness of the accommodation (e.g., is the accommodation enabling the applicant or employee to participate in application process or perform the essential functions of the job).

7.    In cases where it is determined that the accommodation is not effective and there are no other methods of accommodation that can assist the employee in performing the essential functions of the job, the ADA Coordinator shall initiate discussions with appropriate agency and district officials to identify a civilian vacant position with the MPD or within the District of Columbia government.

D.    Denying a Request for a Reasonable Accommodation

The MPD may reject an applicant's or employee's request for a reasonable accommodation when it is determined that:

1.    The applicant or employee is not an individual with a qualifying disability.

2.    The applicant or employee has a temporary impairment, that is not expected to recur, and or has minimal impact on major life activities with no long-term effects (e.g., the flu).

3.    The applicant or employee is unable to provide requested documentation from his or her health provider that demonstrates that he or she has a qualifying disability.

4.    The applicant's or employees' request for a reasonable accommodation is for non-disability reasons, rather than because of a disability.

5.    The applicant's or employee' request for a reasonable accommodation would create an undue hardship on the operation of the MPD, and there is no alternative reasonable accommodation.

6.    The applicant's or employees' requested accommodation would pose a direct threat to the health or safety of the employee, coworkers, or the general public.

## VI.    ROLES AND RESPONSIBILITIES

A.    The Director of the Human Resource Management Division shall:

1.    Provide day-to-day management of the ADA Coordinator.

2.    Be responsible for the prompt resolution of reasonable accommodation requests and complaints of discrimination.

3.    Ensure corrective action as noted in Part IV.C of this order when appropriate.

B.     The ADA Coordinator shall:

    1.     Coordinate and administer ADA-related note-taking, reader, scribe, interpreter services, and equipment services.

    2.     Provide guidance and support to MPD units on ADA-related matters.

    3.     Promptly investigate and analyze reasonable accommodation requests.

    4.     Promptly investigate disability discrimination complaints.

    5.     Collaborate with the investigation of a charge of discrimination when the charge of discrimination is being investigated by another internal or external unit or agency.

    6.     Maintain the strict confidentiality of applicants and employees filing requests for reasonable accommodation or complaints of disability discrimination, except to the extent necessary to perform their duties, or if otherwise released by the applicant or employee in writing.

    7.     Perform investigative duties as prescribed in 4 DCMR § 100, *et seq.* (Complaints of discrimination in the District of Columbia Government)

C.     The Director of the Medical Services Division shall:

    1.     Upon being presented with a request from a sworn member for a waiver of any of the uniform or equipment requirements, or other requested accommodations, notify the ADA Coordinator.

    2.     Refer the member to the ADA Coordinator for submission of his or her request.

    3.     Request the member to execute a signed written release to share only those medical records directly associated with the request with the ADA Coordinator.

    4.     Upon receipt of the final decision, make the proper entry into the medical records of the applicant or employee.

D.     Senior command officials, managers and supervisors shall:

    1.     Be held responsible for maintaining an environment free of harassment and discrimination for individuals with disabilities.

    2.     Immediately discuss with the ADA Coordinator any formal or informal requests for an accommodation made to them or a supervisor in their

command and refer the employee or applicant to the ADA Coordinator for continuation of the interactive process.

    3.    Not deny any requests for accommodation made under the ADA without consultation and approval from the ADA Coordinator and the Director of HRMD.

    4.    Maintain confidential all information discussed or documentation shared by the employee or applicant.

E.    Retaliation

    1.    Employees of the MPD shall not be subjected to any form of retaliation, disciplinary or corrective action, transfers, or changes in assignment **solely** because the employee opposed what he or she believed to be an unlawful employment practice or made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII and the D.C. Human Rights Act.

    2.    An employee is protected against retaliation for his or her opposition to discrimination, as long as the employee has a reasonable and "good faith" belief that the employer's conduct is illegal, even if it turns out that the employee was mistaken as to the legality of the employer's conduct.

## VI.  CROSS REFERENCES

A.    Title I of the Americans with Disabilities Act of 1990, as amended, 42 USC § 12101, et seq.

B.    D.C. Human Rights Act of 1977, as amended, D.C. Official Code § 3-201, et seq.

C.    Mayor's Order 2008-69, Effective Date: April 17, 2008

D.    4 DCMR § 100, *et seq.* (Complaints of discrimination in the District of Columbia Government)

## VII.  ATTACHMENTS

    1.    Attachment A: Request for Reasonable Accommodation Form

    2.    Attachment B: MPD Medical Inquiry Form

    3.    Attachment C: Authorization for Release of Medical Information Form

    4.    Attachment D: Reasonable Accommodation Plan

Peter Newsham
Chief of Police

PN:KDO:MOC:CMD



*American with Disabilities Act (ADA)*

## REQUEST FOR REASONABLE ACCOMMODATION

### Required Documentation

In order to initiate a request for a reasonable accommodation, an employee must:

☐ Submit the completed Reasonable Accommodation Request Form, the Reasonable Accommodation Medical Authorization Form, and the Medical Inquiry Form to the ADA Compliance Branch.

☐ The Medical Inquiry Form is to be completed by the employee's health care provider.  Employees are to provide a copy of their job description to their health care provider for completion of form.

☐ Contents of the request are confidential and will only be disclosed to personnel with a business need to know for the purpose of evaluating and implementing the appropriate reasonable accommodation.  All medical documentation will be kept confidential.

### Employee Information

Date of Request: _____

Employee's Full Name: _____ CAD #: _____

Position Title: _____ Grade/Step: _____

Bureau: _____ Unit: _____

Worksite Address: _____

Worksite Phone No.: _____

Cellular Phone No.: _____

### Reason for Reasonable Accommodation Request

Identify your disability or physical or mental impairment(s) or limitation(s).

Explain how your disability impairs or limits your ability to perform assigned job duties.



*American with Disabilities Act (ADA)*

## REQUEST FOR REASONABLE ACCOMMODATION

Is your disability permanent or temporary?  If *temporary*, what is the expected duration?

What specific accommodation(s) are you requesting?

Is your accommodation request time sensitive? If *yes*, please explain.

Explain how the accommodation(s) you are requesting will enable you to perform the essential functions of your job.

Please provide any additional information that might be useful in processing your accommodation request:

## Employee Certification

I certify that the information provided in this document is true and accurate.  In addition, I understand that the making of a false statement on this document is a violation of law.

Employee's Signature: _____     Date: _____

Metropolitan Police Department                                                                    RA Form 1   3/2016

GO 100.14 (Compliance with Title I of the Americans with Disabilities Act) Attachment A



*American with Disabilities Act (ADA)*

## MEDICAL INQUIRY FORM

## Healthcare Provider Instructions

In order to initiate a reasonable accommodation, employees must provide current documentation of a disability.   As the employee's healthcare provider, you are asked to fully complete all sections of this form.   In order to complete this form, you should review the ***employee's job description***.

Please answer the following questions regarding the condition of _____ ,
as it relates to the essential functions of his/her position and possible accommodations. (Employee Name)

## Medical Information

| | | |
|---|---|---|
| Does the employee have a physical or mental impairment? | Yes ☐ | No ☐ |
| If *yes*, what is the impairment? | | |
| Does the impairment substantially limit a major life activity as compared to most people in the general population? | Yes ☐ | No ☐ |

If *yes*, what major life activity(s) (includes major bodily functions) is/are affected?

☐ Bending  ☐ Hearing  ☐ Reaching  ☐ Speaking  ☐ Other: (describe)
☐ Breathing  ☐ Interacting With Others  ☐ Reading  ☐ Standing
☐ Caring For Self  ☐ Learning  ☐ Seeing  ☐ Thinking
☐ Concentrating  ☐ Lifting  ☐ Sitting  ☐ Walking
☐ Eating  ☐ Performing Manual Tasks  ☐ Sleeping  ☐ Working

Major bodily functions:

☐ Bladder  ☐ Digestive  ☐ Lymphatic  ☐ Reproductive
☐ Bowel  ☐ Endocrine  ☐ Musculoskeletal  ☐ Respiratory
☐ Brain  ☐ Genitourinary  ☐ Neurological  ☐ Special Sense Organs &
☐ Cardiovascular  ☐ Hemic  ☐ Normal Cell Growth  Skin
☐ Circulatory  ☐ Immune  ☐ Operation of an Organ  ☐ Other: (describe)

| | | |
|---|---|---|
| Does the disability affect the employee's ability to perform any of the essential functions of the position or access a benefit of employment? | Yes ☐ | No ☐ |

If so, what job function(s) or benefits of employment is the employee having trouble performing or accessing because of the disability?



*American with Disabilities Act (ADA)*

## MEDICAL INQUIRY FORM

| Accommodation Information | | |
|---|---|---|
| Do you have any suggestions regarding a possible accommodation(s) that would allow the employee to perform the essential functions of the position or access a benefit of employment? | Yes ☐ | No ☐ |
| If so, what are they? | | |
| In your opinion, is the need for an accommodation temporary or permanent? | | |
| If temporary, how long will the need for the accommodation exist? | | |

| Healthcare Provider Certification |
|---|
| |
| Health Care Provider's Signature                                                                 Date |
| Health Care Provider's Printed Name and Degree                                    Telephone Number |
| Address |
| City                                                        State                                    Zip Code |

The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. "Genetic information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.



*American with Disabilities Act (ADA)*

# AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

Please complete the following acknowledgement and return along with your Reasonable Accommodation Request Form.  This release will be submitted to your healthcare provider in the event that additional information is needed regarding the medical condition(s) for which you are requesting reasonable accommodation(s).

_____        _____
Employee Name                                                              CAD #

## Employee Acknowledgement

I,_____, hereby consent and authorize my healthcare provider to release information to the ADA Compliance Branch in the form of medical documentation, telephone calls, faxes or emails regarding medical information relating to the current health condition(s) for which I am requesting a reasonable accommodation(s).

I further acknowledge that the Americans with Disabilities Act (ADA) requires me to be an active participant in the interactive process and to provide the ADA Compliance Branch with my medical information that is necessary to determine what, if any, reasonable accommodation is appropriate for me.  I understand that if I fail to cooperate or provide the necessary medical information, my request for a reasonable accommodation may be denied.

_____        _____
Employee Signature:                                                     Date:

**Return this form to:**          **ADA Coordinator**
Human Resource Management
Division (HRMD)
MPD Headquarters,Room 6061
Contact Phone: (202) 727-4261
Contact Email:
ada.adminbox@dc.gov



*American with Disabilities Act (ADA)*

# REASONABLE ACCOMMODATION PLAN

## Employee Information

Date of Approval: _____

Employee's Name: _____    CAD #: _____

Position Title: _____    Grade/Step: _____

Bureau: _____    Unit: _____

Worksite Address: _____

Worksite Phone No.: _____

## Reasonable Accommodation Plan

1. Reasonable Accommodation: *(check one)*

   ☐ Approved

   ☐ Denied

2. Date Reasonable Accommodation was requested: _____

3. Date Reasonable Accommodation was approved/denied: _____

4. Date Reasonable Accommodation was provided *(if different from date approved)*: _____

5. Reasonable Accommodation needed for: *(check one)*

   ☐ Performing Job Functions or Accessing the Work Environment

   ☐ Accessing a Benefit or Privilege of Employment

6. Type(s) of reasonable accommodation requested: *(check one)*

   | | | |
   |---|---|---|
   | ☐ Personnel Action | ☐ Adaptive Equipment | ☐ Specially Designed Furniture |
   | ☐ Removal of Architectural Barrier(s) | ☐ Accessible Parking | ☐ Materials in Alternative Formats |
   | ☐ Job Restructuring | ☐ Retraining | ☐ Schedule Adjustment |
   | ☐ Flexible Leave Policies | ☐ Alternate Work Schedule | ☐ Alternate Work Site |
   | ☐ Reassignment to Another Job | ☐ Reader/Sign Language Interpreter | ☐ Other: |

7. Type(s) of reasonable accommodation provided *(if different from what was requested)*:

   _____

   _____

   _____

Metropolitan Police Department                                          RA Form 6    6/2018



*American with Disabilities Act (ADA)*

# REASONABLE ACCOMMODATION PLAN

8.  Cost of Reasonable Accommodation: _____

9.  Was medical or other appropriate supporting information required to process this request?  If yes, explain why.

    _____

    _____

    _____

10. If denied, reason why: *(check one)*

    ☐  Accommodation Ineffective

    ☐  Accommodation Would Cause Undue Hardship

    ☐  Medical Documentation Inadequate

    ☐  Accommodation Would Require Lowering of Performance or Job Standarard

    ☐  Accommodation Would Cause Removal of Essential Job Function

    ☐  Other: (Please identify)

11. Detailed reason(s) for denial of reasonable accommodation *(Must be specific, e.g., why accommodation is ineffective or causes undue hardship.)*

    _____

    _____

    _____

12. Additional Notes:

    _____

    _____

    _____

_____          _____
Employee (Representative) Signature                                   Date

## Follow Up

Date: _____

Date of Follow Up: _____

Is Reasonable Accommodation Effective?     ☐  Yes      ☐  No

Additional Notes:

_____

_____