IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEVE PAPPAS, *et al.*, <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE DISTRICT OF COLUMBIA and ROBERT J. CONTEE III, in his official capacity, <br><br> Defendants. | Civil Action No. 19-2800 (RC) |

## JOINT PROPOSED CASE MANAGEMENT PLAN

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 16, the Parties have conferred and submit the following Joint Case Management Report, Case Management Statement, and Proposed Order and request the Court adopt it as its Case Management Order in this case. In the alternative, the Parties request a scheduling conference to finalize the Case Management Plan and expedite disposition of this matter, establish early and continuing case management, and discourage wasteful pretrial activities.

### STATEMENT OF THE CASE

Statement of the Case: Plaintiffs Steve Pappas, Tawana Lindsay, Malachi Malik, and Nichole Mathies are former Metropolitan Police Department (MPD) officers who have sued the District of Columbia and MPD acting Chief Robert J. Contee III (collectively, the District), alleging that the District failed to accommodate their alleged disabilities in violation of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (Section 504) by retiring them from their positions as MPD officers after periods of sick leave or performing in limited-duty status. Plaintiffs allege that Defendants terminated their employment on account of

their disabilities and refused to accommodate them, such as by restructuring job duties, providing extended leave, or reassigning them to available positions that they could have performed, all in violation of the ADA and Section 504. Plaintiffs' original complaint also alleged that they were subjected to unlawful medical inquiries under both the ADA and the Rehabilitation Act by requiring them to provide ongoing medical information to MPD. Plaintiffs bring these original claims on behalf of a putative class and subclass of similarly situated current and former MPD officers.

On January 12, 2021, the Court granted in part and denied in part defendants' motion to dismiss the First Amended Complaint.  Jan. 12, 2021 Mem. Op. and Order [25, 26]. On February 11, 2021, Plaintiffs filed the Second Amended Complaint. Defendants filed their Answer on March 12, 2021.

If this matter proceeds on the merits, the District believes that plaintiffs will be unable to support their claims of violations under the ADA and Section 504. In addition, Defendants assert that the defenses asserted in the District's Answer will bar plaintiffs' attempt to prevail or recover damages in this action.

## Local Rule 16.3(c) Topics

1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

On February 11, 2021, plaintiffs filed their Second Amended Complaint, and on March 12, 2021, defendants answered the Second Amended Complaint. There are no pending dispositive motions. Defendants anticipate that they will file a motion for summary judgment after the conclusion of fact and expert discovery. Plaintiffs also anticipate they will file a motion for summary judgment after the conclusion of fact and expert discovery, but submit that certain

procedural issues, particularly whether this matter may proceed as a class action, should be resolved prior to summary judgment.

2. **The date by which any other parties shall be joined, or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon on the motion.**

The Parties agree that Federal Rule of Civil Procedure 15 should govern any amendment of the pleadings. The Parties do not believe that any factual or legal issues can be agreed upon or narrowed by agreement at this time but will alert the Court if that changes.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties agree that the case should not be assigned to a magistrate judge.

4. **Whether there is a realistic possibility of settling the case.**

The Parties do not believe there is a realistic possibility of a settlement at this time but remain open to future discussions.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiffs' position: Plaintiffs believe that this case is suitable for ADR procedures.

Defendants' position: Defendants do not believe that this case is suitable for ADR procedures at this time, but it may be beneficial in the future.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The Parties intend to file motions for summary judgment after the conclusion of discovery. To avoid unnecessary modifications to the scheduling order, the Parties propose that the Court refrain from setting a briefing schedule for motions for summary judgment until after a hearing on Plaintiffs' class certification motion. Within 30 days after such a hearing occurs, the Parties

propose holding a case management conference to set a summary judgment briefing schedule, remaining discovery deadlines, other pretrial deadlines, and a trial date.

**7.  Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form, or timing of those disclosures.**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), the Parties will exchange initial disclosures within 14 days of the parties' Rule 26(f) conference.

**8.  The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The Parties agree to bifurcate class certification discovery and merits discovery. The Parties propose the following limitations on discovery, subject to further Order of the Court:

   a. All non-expert class certification discovery must be completed by **September 30, 2021**.

   1. The following interim deadlines may be extended by the parties on written consent without application to the Court, provided that the Parties meet the deadline for completing class discovery set forth in Paragraph 8(a) above.

      i. Depositions: The parties agree that each side should be permitted to take up to 10 depositions during the class certification discovery phase, not including expert depositions and Rule 30(b)(6) depositions. Fact depositions relating to class certification discovery shall be completed by **September 30, 2021**.

      ii. Interrogatories: The parties agree that any party may serve upon any other party 25 interrogatories pursuant to Federal Rule of Civil Procedure 33. Initial sets of interrogatories shall be served on or before **June 1, 2021**. All

        subsequent interrogatories must be served no later than 30 days before the class discovery deadline.

    iii.    Requests for Admission: Pursuant to Federal Rule of Civil Procedure 36, requests for admissions must be served no later than 30 days before the class discovery deadline.

    iv.    Requests for Production: Pursuant to Federal Rule of Civil Procedure 34, initial sets of requests for production of documents shall be served on or before **June 1, 2021**. All subsequent requests for production of documents must be served no later than 30 days before the class discovery deadline.

    v.    Plaintiffs intend to present an expert report(s) at the class certification stage regarding issue(s) common to all class members, such as the ease of calculating class-wide damages and reserve their rights pursuant to Federal Rule of Civil Procedure 26(a)(2) to present additional expert reports at the class certification stage or thereafter, if necessary. The deadline for class expert disclosures is **September 30, 2021** and the deadline for rebuttal class expert disclosures is **November 1, 2021**.

    vi.    Expert class discovery, including depositions of experts, related to the class certification motion shall be completed by **December 1, 2021**.

b.    The Parties propose the following briefing schedule for plaintiffs' motion for class certification:

    1.    **January 17, 2021:** Plaintiffs' motion for class certification.

    2.    **February 14, 2022**: Defendants' response to plaintiffs' motion for class certification.

    3.    **February 28, 2022**: Plaintiffs' reply in support of motion for class certification.

    c. The schedule for merits fact discovery will be determined 30 days after the hearing on the Rule 23 motion.

    d. The schedule for additional expert discovery shall be set at the conclusion of the class certification stage.

**9. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties agree that, unless otherwise stated, each request made under Rule 34 of the Federal Rules of Civil Procedure will be presumed to include a request for responsive electronically stored information (ESI). The Parties have discussed the disclosure and discovery of ESI and agree to produce ESI in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms such as Excel spreadsheets or Access databases.

The Parties intend to negotiate a ESI Discovery Protocol to clarify the Parties' ESI obligations.

**10. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties take no position at this time on claims of privilege or of protection as trial-preparation materials but reserve the right to bring such issues to the Court's attention at a later date.

**11. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The Parties do not believe that any modifications to the requirements of Federal Rule of Civil Procedure 26(a)(2) are required at this time.

**12. In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

As discussed above in Paragraph 8, the Parties agree that class certification discovery should be bifurcated from merits discovery, and the Parties have proposed a briefing schedule for plaintiffs' motion for class certification.

13. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

As discussed above in Paragraph 8, the Parties agree that class certification discovery should be bifurcated from merits discovery, and the Parties have proposed a briefing schedule for Plaintiffs' motion for class certification.

14. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties propose that a case management conference be set within 30 days of the Court's hearing on plaintiffs' motion for class certification to set the remaining discovery deadlines, other pretrial deadlines, and a trial date.

15. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties believe that a trial date should be set at the pretrial conference for 30-60 days after that conference.

16. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Except as otherwise set forth above, the Parties have no further suggestions or requests at this time.

Dated: April 5, 2021

                Respectfully submitted,

                */s/ Eve Hill*
                Eve Hill (Fed. Bar No. 424896)

Andrew D. Levy (Fed. Bar No. 458998)
**BROWN, GOLDSTEIN & LEVY, LLP**
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
Tel.: (410) 962-1030
Fax: (410) 385-0869
ehill@browngold,com
adl@browngold.com

*/s/ Ellen Eardley*
Ellen Eardley (DC Bar No. 488741)
Cyrus Mehri (DC Bar No. 420970)
**MEHRI & SKALET, PLLC**
1250 Connecticut Ave., NW, Suite 300
Washington, DC 20036
Tel.: (202) 822-5100
Fax: (202) 822-4997
eeardley@findjustice.com
cmehri@findjustice.com

*Counsel for Plaintiffs and Putative Class*

KARL A. RACINE
Attorney General for the District of Columbia

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Acting Deputy Attorney General
Public Interest Division

*/s/ Micah Bluming*
MICAH BLUMING [1618961]
RICHARD P. SOBIECKI [500163]
Assistant Attorneys General
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
(202) 724-7272
(202) 730-1833 (fax)
micah.bluming@dc.gov
richard.sobiecki@dc.gov

*Counsel for Defendants*