# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVE PAPPAS, *et al.*, <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE DISTRICT OF COLUMBIA, and ROBERT CONTEE III, in his official capacity, <br><br> Defendants. | Civil Action No. 19-2800 (RC) |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs, by and through their undersigned attorneys and pursuant to Fed. R. Civ. P. 34, propound the following First Set of Requests for Production of Documents to the District of Columbia and Robert Contee III, in his official capacity as Chief of Police of the Metropolitan Police Department of the District of Columbia (collectively, "Defendants"). Defendants shall respond to these Requests and produce the requested documents and electronically stored information ("ESI") for inspection and copying within the time allotted by the Federal Rules, to Plaintiffs' attorneys at: Brown, Goldstein, & Levy, 120 East Baltimore Street Suite 2500, Baltimore, MD, 21202, and Mehri & Skalet, PLLC, 1250 Connecticut Ave. NW, Washington, DC, 20036.

# DEFINITIONS

1. "Accommodations":  The term "Accommodations" has the same meaning as used in Title I of the Americans with Disabilities Act ("ADA").

2. "ADA Coordinator":  The term "ADA Coordinator" means an individual primarily responsible for ensuring MPD's compliance with the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and/or the D.C. Human Rights Act, and/or an individual primarily responsible for responding to disability discrimination complaints Concerning MPD officers and/or requests for Accommodations by MPD officers.

3. "Communication":  The term "Communication" means the transmittal of information by any means.

4. "Concerning":  The term "Concerning" means relating to, referring to, consisting of, describing, discussing, confirming, memorializing, evidencing, commenting on, constituting, reflecting, responding to, mentioning, pertaining to, summarizing, showing, analyzing, authored by, sent to, received from, or otherwise in any way logically or factually connected with the topic of subject described.

5. "Disability Retirement":  The term "Disability Retirement" has the same meaning as used in MPD General Order 100.11.

6. "Document":  The terms "Document" and "Documents" are defined to be synonymous in meaning and equal in scope to the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to, electronically stored information ("ESI").  The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.  A draft or non-identical copy is a separate document within the meaning of the term "Document."

7. "Employee File":  The term "Employee File" means all Documents Concerning an MPD employee that are kept in the usual course of business, either by MPD, DC Government, the Police & Fire Clinic / PFC Associates, LLC, the Retirement Board, or some or all of those entities.  Such Documents include personnel Documents, human resource Documents, Documents concerning that employee's work history and assignments, medical evaluations, Documents Concerning that employee's physical or mental health, performance evaluations, Documents Concerning disciplinary actions, compensation-related documents, Documents Concerning that employee's requests for Accommodation(s), Documents Concerning Reassignment of that employee, Documents Concerning leave time, and Documents Concerning retirement proceedings.

8. "Full Duty Status":  The term "Full Duty Status" has the same meaning as used in MPD General Order 100.11.

9. "Job Restructuring":  The term "Job Restructuring" and variations thereof has the same meaning as used in 42 U.S.C. § 12111(9)(B).

10. "Less Than Full Duty Status":  The term "Less Than Full Duty Status" has the same meaning as used in MPD General Order 100.11.

11. "Limited Duty Status"  The term "Limited Duty Status" has the same meaning as used in MPD General Order 100.11.

12. "Maximum Medical Improvement":  The term "Maximum Medical Improvement" has the same meaning as used in MPD General Order 100.11.

13. "MPD":  The term "MPD" means the Metropolitan Police Department of the District of Columbia.  The term "MPD officer" means an MPD police officer.

14. "Parties":  The terms "plaintiff(s)," "defendant(s)," "party," or "parties" refer to named parties in the foregoing litigation and, where applicable, their officers, directors, and employees.  This definition is not intended to impose a discovery obligation on any Person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

15. "Performance of Duty ("POD") Injury/Illness":  The term "Performance of Duty Injury/Illness," or "POD Injury/Illness," has the same meaning as used in MPD General Order 100.11.

16. "Person":  The term "Person" means any natural person or any corporation, business, partnership, association, or other legal or governmental entity.

17. "Reassignment to a Vacant Position":  The term "Reassignment to a Vacant Position" (or "Reassigned") and variations thereof has the same meaning as used in 42 U.S.C. § 12111(9)(B).

18. "Request":  The term "Request" means a Request for Production of Documents.

19. "Restructure":  The term "Restructure" has the same meaning as used in Title I of the Americans with Disabilities Act.

20. "Retirement Board":  The term "Retirement Board" means the Police and Firefighters Retirement Relief Board.

21. "You/Your":  The terms "You" and "Your" mean the Parties to whom this Notice is addressed as well as their agents, servants, officers, directors, members, consultants, employees, attorneys, and any other representatives and any partnership, corporation, joint venture or other entity formed by, controlled by, or otherwise affiliated with the Parties to whom this Notice is addressed.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

22. "And" shall be construed to mean "or" and the term "or" shall be construed to mean "and" when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

23. "Each" shall be construed to mean "all" and the term "all" shall be construed to mean "each" when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

24. The use of the singular shall include the plural and the use of the plural shall include the singular when necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. Words in the masculine, feminine, or neuter form shall include each of the other genders.

## **GENERAL INSTRUCTIONS**

1. Produce all requested Documents that are in Defendants' possession, custody, or control, or otherwise are reasonably available to Defendants.

2. Documents should be produced as they are kept in the usual course of business or, alternatively, should be organized and labeled to correspond to the specific Request pursuant to which they are produced. If Documents are produced as they are kept in the usual course of business, Identify the Person in whose files each Document was located. Electronically stored information shall be produced as paginated PDFs files using a standard load file that includes ESI with the information produced as the file was maintained in the usual course of business. If the file is a PowerPoint or Excel file, the native file shall also be included in the load file with all accompanying metadata. If the Document is only available in hard copy, each Document should be scanned as separate, paginated PDF and the custodian of the Document should be included. Each Document, whether electronic or in hard copy, should be marked with a Bates number.

3. To the extent a Request or Definition is deemed ambiguous, the Response shall set forth the matter deemed ambiguous, and the construction used in responding to the Request.

4. If, after a proper search, it is determined that no responsive Documents exist, the Response shall state that no responsive Documents exist.

5. Each Request should be responded to separately. However, a Document that is responsive to more than one Request may be produced once and then referred to in a later Response.

6. All Documents produced in response to these Requests shall be produced in whole, even if portions of such Documents contain non-responsive information.

7. When a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a Document, clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, state as to each Document the reason for the redaction, the date of the redaction, and the person performing the redaction.

8. For each Request, the Response must either state that production or inspection will be permitted as requested or state an objection to the Request. The grounds for each objection shall be stated with specificity, and each objection shall state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a Request that results in responsive materials being withheld must specify the part and permit production/inspection with respect to non-objectionable parts of the Request.

9. Any Document requested that You claim to be privileged (including, but not limited to, Documents subject to the work-product doctrine) shall be identified by stating:

    a. The grounds for refusal to produce the Document;

    b. The type of Document (letter, memorandum, report, notes, etc.);

    c. The general subject matter of the Document;

    d. The date of the Document;

    e. Each author of the Document;

    f. Each addressee or recipient of the Document;

    g. The custodian of the Document;

    h. The present location of the Document, including the title, index number, and/or location, if any, of the file wherein the Document resides; and

    i. The relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be privileged, enables Plaintiffs to assess the applicability of the asserted privilege.

10. If You are withholding a responsive Document for any reason other than an objection that it is beyond the scope of discovery or that a Request is unduly burdensome, state the reason for withholding the Document and provide the same information outlined in Instruction No. 9 regarding privileged Documents.

11. If production of any Document is objected to on the grounds that production is unduly burdensome, state the burden or expense of the proposed discovery.

12. If any Documents requested herein have been lost, discarded, or destroyed, the Documents so lost, discarded, or destroyed shall be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, and person authorizing the disposal.

13. Each Request is continuing in nature, and if Defendants identify or obtain further responsive information, they are required to supplement or amend their answers promptly if necessary, under Federal Rule of Civil Procedure 26, and to promptly produce any additional Documents.

14. Unless otherwise indicated, the relevant time period for each Document Request shall be January 1, 2012 through the Present and continuing, and shall include all Documents created, prepared, dated, sent, received, altered, in effect, or which came into existence during this period, or which refer or relate to this period, regardless of when the Document was created or prepared.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:**

All policies, procedures, and guidelines Concerning requests for, or grants or denials of, disability-related Accommodations for MPD officers.

**DOCUMENT REQUEST NO. 2:**

All policies, procedures, and guidelines Concerning (1) the placement of MPD officers on Limited Duty Status or on leave (paid or unpaid); (2) the return of officers that were on leave to Limited Duty Status or to Full Duty Status; and (3) the return of officers that were on Limited Duty Status to Full Duty Status.

**DOCUMENT REQUEST NO. 3:**

All policies, procedures, and guidelines Concerning the Reassignment of MPD officers to vacant positions within MPD or the DC Government.

**DOCUMENT REQUEST NO. 4:**

All policies, procedures, and guidelines Concerning the Restructuring of MPD officers' jobs as an Accommodation.

**DOCUMENT REQUEST NO. 5:**

All policies, procedures, and guidelines Concerning the referral of MPD officers to Disability Retirement.

**DOCUMENT REQUEST NO. 6:**

All Documents Concerning Plaintiffs' POD or non-POD Injuries/Illnesses or disabilities.

**DOCUMENT REQUEST NO. 7:**

A Microsoft Excel or comma separated value (CSV) file, generated from data maintained by MPD or DC, with the following information for each MPD officer who was referred to the Retirement Board for Disability Retirement:

a. MPD start date and retirement date;

b. Date of birth;

c. Bureau, division, branch, unit, district, and/or section, as well as job title/position, at time of hire and time of retirement;

d. Salary at time of hire and time of retirement;

e. The injury, illness, or disability that was a substantial basis for the decision to place the officer on less than full duty status and (if different) to refer the officer to the Retirement Board for Disability Retirement, and whether the injury, illness, or disability was a POD injury/illness or a non-POD injury/illness;

f. The dates (if any) the officer had Limited Duty Status due to the injury, illness, or disability referred to in subpart(e) of this Request;

g. The dates (if any) the officer was on leave as a result of the injury, illness, or disability referred to in subpart(e) of this Request, and whether the leave was paid or unpaid;

h. The number of days in a less than full duty status the officer had accrued as of the date the officer was referred to the Retirement Board for Disability Retirement;

i. Any positions (including the agency and job title) within the DC government to which Defendants or MPD offered to Reassign the officer in lieu of Disability Retirement, and, for each such position, why such Reassignment did not take place;

j. Whether, in lieu of Disability Retirement, Defendants or MPD offered Job Restructuring or other Accommodations in order to enable the officer to continue working as an MPD

employee, and, if so, why the officer did not agree to such Job Restructuring or other Accommodations;

k. All requests for Accommodations made by that officer, and whether they were granted;

l. Whether the officer had requested to continue working at MPD or the DC Government prior to retirement;

m. The date of any Retirement Board hearing(s);

n. The Retirement Board's decision, the date of that decision, the reason for retirement, and the effective date of retirement (if applicable); and

o. The pension percentage or annual retirement payments for that officer.

**DOCUMENT REQUEST NO. 8:**

All Documents Concerning hearings before the Retirement Board Concerning Disability Retirement for the named Plaintiffs.

**DOCUMENT REQUEST NO. 9:**

Electronic data, an electronic database, or databases in a useable format such as Microsoft Excel sufficient to identify all MPD officers who took sick, family, personal, military, medical, and/or other leave of absence totaling 172 cumulative workdays or more during any 24-month period from January 1, 2012 until the Present; the dates each officer was on such leave; whether the officer returned to Full Duty Status, Limited Duty Status, resigned, was terminated, or retired after such leave; and the dates of such return to Full Duty Status, Limited Duty Status, resignation, termination, or retirement.

**DOCUMENT REQUEST NO. 10:**

All Documents Concerning whether Accommodations for Plaintiffs would result in an undue burden or fundamental alteration for Defendants.

**DOCUMENT REQUEST NO. 11:**

All Documents in Plaintiffs' Employee Files, including Retirement Board files, Police & Fire Clinic files, ADA files, or other employment-related files.  This Request includes Documents Concerning Accommodations for Plaintiffs.

**DOCUMENT REQUEST NO. 12:**

All policies, procedures, and guidelines Concerning MPD employees' rights under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

**DOCUMENT REQUEST NO. 13:**

All Documents Concerning how MPD or DC Government employees should respond to requests for Accommodations from MPD officers.

**DOCUMENT REQUEST NO. 14:**

All Documents Concerning the ADA Coordinator(s) responsible for MPD employees, including job descriptions, policies, procedures, and training materials Concerning the role of the ADA Coordinator, and Documents Concerning how MPD officers may Communicate with the ADA Coordinator.

**DOCUMENT REQUEST NO. 15:**

All Documents Concerning MPD police officers who sustained an injury, illness, or disability, were placed on leave and/or Limited Duty Status, and subsequently were referred to Disability Retirement due to that injury, illness, or disability.

**DOCUMENT REQUEST NO. 16:**

All policies, procedures, and guidelines Concerning disability-related Accommodations offered by DC Government agencies identified in response to Interrogatory No. 23.

**DOCUMENT REQUEST NO. 17:**

Electronic data, an electronic database, or databases in a useable format such as Microsoft Excel sufficient to identify:

a. All DC government job vacancies from January 1, 2012 to the present;

b. Titles of such vacant positions;

c. Job descriptions of such vacant positions;

d. The department/agency wherein the position was located; and

e. For each vacant position, the date the position became vacant and the date it was filled.

**DOCUMENT REQUEST NO. 18:**

All Documents Concerning Defendants' contention that Accommodations requested by Plaintiffs were or are unreasonable.

**DOCUMENT REQUEST NO. 19:**

All Documents relied upon by Defendants in answering Plaintiffs' written discovery requests.

**DOCUMENT REQUEST NO. 20:**

All Documents upon which Defendants rely if and when they oppose Plaintiffs' forthcoming Motion for Class Certification.

**DOCUMENT REQUEST NO. 21:**

All Documents Concerning the affirmative defenses listed in Defendants' Answer in this litigation.

**DOCUMENT REQUEST NO. 22:**

All collective bargaining agreements, and any amendments or modifications thereto, that cover MPD police officers and that were in effect since January 1, 2012.

**DOCUMENT REQUEST NO. 23:**

All Documents Concerning the relationship between PFC Associates, LLC and/or the Police and Fire Clinic, on the one hand, and the DC Government and/or MPD, on the other.

**DOCUMENT REQUEST NO. 24:**

All Documents Concerning the organizational structure, operations, and responsibilities of the PFC Clinic and PFC Associates, LLC.

**DOCUMENT REQUEST NO. 25:**

The District of Columbia Police Officers and Firefighters' Retirement Plan.

**DOCUMENT REQUEST NO. 26:**

All Communications between MPD and the PFC Clinic Concerning MPD police officers who were referred to the Retirement Board for Disability Retirement.

**DOCUMENT REQUEST NO. 27:**

Disability insurance policies and summary plan descriptions for disability insurance benefits offered by Defendants to the Plaintiffs or to any other current or former MPD officer from January 1, 2012 to the Present, as well as all workers' compensation benefits policies applicable to MPD officers injured on the job.

**DOCUMENT REQUEST NO. 28:**

All Documents Concerning the responsibilities of the Director of the Medical Services Section of MPD.

Dated: May 20, 2021                     Respectfully submitted,

/s Eve Hill
Eve Hill (Fed. Bar No. 424896)
Andrew D. Levy (Fed. Bar No. 458998)
**BROWN, GOLDSTEIN & LEVY, LLP**
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
Tel.: (410) 962-1030
Fax: (410) 385-0869
ehill@browngold,com
adl@browngold.com

/s Ellen Eardley
Ellen Eardley (DC Bar No. 488741)
Cyrus Mehri (DC Bar No. 420970)
Desireé Langley (DC Bar No. 1719961)
**MEHRI & SKALET, PLLC**
1250 Connecticut Ave., NW, Suite 300
Washington, DC 20036
Tel.: (202) 822-5100
Fax: (202) 822-4997
eeardley@findjustice.com
cmehri@findjustice.com
dlangley@findjustice.com

*Counsel for Plaintiffs and Putative Class*