# EXHIBIT H

Brown Goldstein & Levy

Andrew D. Levy
ADL@browngold.com

Also a member of the District of Columbia bar

July 14, 2021

**BY EMAIL**
Micah Bluming, Esquire
Assistant Attorney General, Equity Section
Public Interest Division
Office of the Attorney General for the District of Columbia
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Micah.Bluming@dc.gov

Re: *Steve Pappas, et al. v. District of Columbia and Robert J. Contee III*
U.S. District Court for the District of Columbia
Civil Action No. 19-2800 (RC)

Dear Micah:

I write regarding Defendants' lack of discovery responses. Defendants' delayed and incomplete responses are prejudicing Plaintiffs' ability to litigate this case in a timely fashion. We are eager to work constructively with Defendants to ensure class discovery can conclude by the Court-ordered deadline, but such timely conclusion may prove impossible unless the pace of discovery quickens.

Plaintiffs sent interrogatories and requests for production ("RFPs") to Defendants on May 20, 2021. Defendants' responses were due on June 19. *See* Fed. R. Civ. P. 33, 34. Subsequently, Plaintiffs agreed to Defendants' request to extend the response date to July 3. When Defendants asked that the response date for their answers to Plaintiffs' interrogatories be extended yet again, Plaintiffs agreed but emphasized that this second extension applied only to interrogatory responses and did not affect the July 3 deadline for document production. On July 2, Defendants sent written objections to Plaintiffs' RFPs but produced no documents. "Unfortunately," you stated, "we do not have a production ready today." You provided only the vaguest of explanations—that attorneys were "still working with our client to gather and review responsive documents"—and unilaterally stated you would "be in touch when our first production is ready."

Two weeks later, we are still waiting. Defendants have neither produced documents nor even provided Plaintiffs with the courtesy of an update as to when such production will occur. Moreover, you have indicated (in Defendants' written responses to Plaintiffs' RFPs) that whenever Defendants produce documents, Defendants will not produce all documents requested by Plaintiffs and, with respect to at least two RFPs, will not produce anything at all.

---

These discovery delays are prejudicing Plaintiffs' ability to advance the litigation in a timely manner. For example, two months ago, after Plaintiffs expressed their intention to facilitate document production by noticing a Rule 30(b)(6) deposition of Defendants' records custodian, Defendants urged Plaintiffs to postpone, because it "would impose an incredible burden" and "the need for the deposition could become moot after the production of documents." As we noted in a June 3 email, Plaintiffs were willing to accommodate Defendants and defer the deposition until after receiving Defendants' discovery responses and document production. To date, however, Defendants have not produced a single document.

Finally, as we have explained, Plaintiffs believe an ESI Protocol governing the production of electronic discovery in this litigation would benefit all parties and help head off potential ESI-related disputes down the road. Plaintiffs submitted a draft ESI Protocol to Defendants on June 16, yet we have received no feedback from Defendants on that document. Please send any proposed edits or comments so that we may move forward and finalize that document.

Plaintiffs are concerned that Defendants have misinterpreted our efforts to work collegially and collaboratively with you on discovery as a license to avoid their legitimate discovery obligations. If we do not receive a substantial document production by Monday, July 19, 2021, we will have no alternative but to seek the Court's assistance. Plaintiffs look forward to a prompt response concerning when Defendants will produce documents in accordance with Plaintiffs' RFPs. Plaintiffs also expect Defendants to submit interrogatory responses by July 15 and look forward to Defendants' feedback on the draft ESI Protocol. As always, we are available to discuss these or any other discovery-related issues.

Sincerely,

Andrew D. Levy

ADL/es

cc: Richard Sobiecki, Esquire
Corey Fitzpatrick, Esquire
Ellen Eardley, Esquire
Desiree Langley, Esquire
Eve Hill, Esquire
Jamie O. Strawbridge, Esquire