# EXHIBIT O

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Office of the Attorney General**

**Attorney General**
**Karl A. Racine**

**Civil Litigation Division**
**Equity Section**

March 8, 2022

**VIA EMAIL**

Andy Levy
BROWN GOLDSTEIN & LEVY
120 E. Baltimore Street, Suite 2500
Baltimore, MD 21202
T: 410.962.1030
alevy@browngold.com

Re: *Pappas, et al. v. District of Columbia*, Civil Action No. 19-2800 (D.D.C.)
Good-Faith Effort to Confer Prior to Seeking Leave of Court to File Motion to Compel and/or for Sanctions Pursuant to Rule 37(b)(2)

Dear Andy:

We write in response to plaintiffs' letter dated March 3, 2022 (March 3 Letter), stating that plaintiffs will seek relief from the Court if specified documents are not produced by March 8, 2022.

Plaintiffs served 28 requests for production, which include dozens of subparts, on the District on May 20, 2021, and served an additional 19 requests for production on the District on December 23, 2021.

Subject to the objections made in its July 2, 2021 Objections and Responses to Plaintiffs' First Set of Requests for Production, and its January 24, 2022 Objections and Responses to Plaintiffs' Second Set of Requests for Production, the District has produced approximately 40,650 documents totaling nearly 200,000 pages [DC_Pappas 00000001-DC_Pappas 197146], which included productions on July 30, 2021, August 12, 2021, August 19, 2021, August 20, 2021, September 24, 2021, October 29, 2021, and February 18, 2022.

As you noted in your March 3 Letter, the Parties have met and conferred on numerous occasions and worked in good faith to resolve plaintiffs' discovery requests. Plaintiffs' sudden demand that the District produce responsive documents and accept or decline proposed stipulations within three business days is unreasonable and unwarranted. Below are specific responses to the items raised in plaintiffs' March 3 Letter.

**<u>Scheduling Fact Depositions</u>**

Plaintiffs assert that they "cannot evaluate which additional deposition(s) may be needed until after these emails are produced." March 3 Letter at 1. Not only do plaintiffs provide no basis to justify such an extreme claim, but prior assertions by plaintiffs' counsel lay bare the speciousness of this contention. For example, on December 21, 2021, plaintiffs' counsel wrote that, "[a]s explained at the December 8 meet and confer, which fact witnesses we need to depose (and how many fact witnesses we need to depose) depends on what information we are able to attain through the 30(b)(6) deposition." Plaintiffs never explained why conducting 30(b)(6) depositions was a prerequisite to them identifying fact witnesses to depose, but regardless, it has been more than 6 weeks since plaintiffs' first 30(b)(6) deposition and more than two weeks since plaintiffs' final 30(b)(6) deposition. Plaintiffs have therefore had ample time to identify potential fact witnesses. Further, the Parties discussed the District's review of emails several times during meet-and-confers in February 2022, and plaintiffs never identified the review of officers' email as having any bearing on the identification of potential fact witnesses. Indeed, as explained below, plaintiffs did not even request that the District undertake this review until December 23, 2021, which further belies any claim that the timing of the review was important to plaintiffs' identification of fact witnesses.

Given the claims asserted in the Second Amended Complaint, plaintiffs' position that they lack the information necessary to identify fact witnesses is baseless. Any failure by plaintiffs to complete fact depositions prior to the close of discovery is wholly attributable to the actions of plaintiffs.

**<u>First RFPs</u>**

1. **<u>ADA Coordinator Emails</u>**

As explained by email on October 26, 2021, and by letter on November 5, 2021, the email searches previously conducted by the District focused on the named plaintiffs. The District repeatedly advised plaintiffs that it was willing to consider a broader search at plaintiffs' request. Plaintiffs failed to respond until immediately before the holidays on December 23, 2021. The District explained on January 7, 2022, during the Parties' meet-and-confer, that the collection process was underway and that the timeline for production would depend on the volume of documents collected. The District also explained that it was using officers' first and last names to conduct the search and invited plaintiffs to propose search terms that could potentially narrow that universe of documents. Plaintiffs declined the opportunity to identify search terms that could potentially expedite the review process.

In the Parties' February 14, 2022 meet and confer, we informed you that the search results on an officer by officer basis ranged from a few dozen documents to many thousands of documents, and that, in an effort to provide documents relevant to as many officers as possible as quickly as possible we would begin by reviewing results for those individuals whose searches had generated fewer than 100 documents. Plaintiffs voiced no objection to this approach. After following through with that process, we produced to you on February 18, 2022, all relevant documents identified in reviewing search results for approximately 40% of all individuals listed in Exhibits A and B to the District's interrogatory responses. Per this process, which plaintiffs did not object to, we continue to review the remaining search results, which are far more numerous, as some of the individuals

in question generated thousands of hits in our initial searches. The District believes it will be able to produce responsive records by March 31.

**2. <u>Retirement Board Files for Putative Class Members</u>**

Plaintiffs continue to demand that the District comb the documents associated with officers' referral to the Retirement Board in an attempt to identify particular documents. Plaintiffs maintain their demand despite a repeated inability to explain to the District how the requested documents are relevant to class certification under Federal Rule of Civil Procedure 23. As a show of good faith, the District investigated what it would take to identify and produce these documents, and it explained to plaintiffs (several times) that producing the documents would require an individualized search of each officer's file, *e.g.*, the District does not maintain a separate collection of 86-day letters such that it could simply produce that file, instead the District would have to search individually for each document plaintiffs are requesting. Given the burden associated with collecting and producing the requested, plaintiffs' requests are not proportional to the needs of the case at the class certification stage.[1]

**3. <u>Nicholas Donato</u>**

The District is working to obtain the first order and decision pertaining to Nicholas Donato. However, the District has already produced the order and decision pertaining to Nicholas Donato's reconsideration request, which restates the grounds justifying his original order and decision. Plaintiffs therefore have all relevant information in their possession already.

**<u>Second RFPs</u>**

On January 24, 2022, we served you with responses and objections stating that we would not produce documents pertaining to several requests based on numerous objections. We met and conferred with you on February 1, 3, and 14, 2022, to discuss the 19 voluminous document requests plaintiffs served on the District at the end of December. Nevertheless, during the Parties' meet-and-confer, we agreed that, our written objections notwithstanding, we would work with our client to investigate whether some of the documents plaintiffs requested might be available and obtainable without significant burden.

During our February 1 and 3 meet-and-confers, plaintiffs raised the prospect that stipulated facts could obviate the need for certain of their discovery requests. The District expressed its openness to considering stipulations. Given that the stipulations were proposed by *plaintiffs* as a way to provide *plaintiffs* with information that was purportedly relevant to *plaintiffs'* claims, the District's understanding was that plaintiffs would prepare proposed stipulations, especially given that

---

[1] Plaintiffs purport to rely on the 30(b)(6) testimony of Matthew Miranda in support of their argument that it would not be burdensome for the District to produce the requested documents. *See* March 3 Letter at 1. However, plaintiffs provide no citation to support their claim, making it impossible for the District to assess it. While Mr. Miranda did explain that certain documents are scanned into Centricity, he also explained that Centricity is maintained and operated by the PFC, not the District, and further, nothing in Mr. Miranda's testimony indicated that the collection and production of documents from individual files by the PFC would be without burden.

plaintiffs were unable to articulate the relevance of many of their requests during the meet-and-confers and the District was clear that it did not view the requested documents as relevant. However, plaintiffs apparently assumed that the District would prepare the initial draft of the proposed stipulations. The Parties clarified the apparent misunderstanding on February 14, and plaintiffs acknowledged that it made more sense for them to identify the proposed stipulated facts. Plaintiffs were then silent for more than two weeks. Despite taking more than two weeks to provide us with proposals, you have now demanded that we accept or reject a number of proposed stipulations in three business days. This is not a reasonable timeline for us to review the proposals, discuss them with our clients, determine if they are feasible as is, and, if they are not, develop alternative language we may be willing to propose instead.

To be clear: At no point has the District argued or otherwise stated that "damages information is not related to class discovery." Rather, our position is that plaintiffs' highly detailed and often individualized requests about compensation do not target information that is relevant to any component of class certification in this case.

The District offers the following responses to plaintiffs' comments on each of the following RFPs:

**RFP No. 29**

The District has determined that documents responsive to this Request are publicly available. Nonetheless, the District will produce those documents by March 31, 2022.

**RFP No. 32**

For the reasons explained in its responses and objections, and because plaintiffs failed to explain the relevance of this Request during the Parties' meet-and-confers or in their March 3 Letter, the District will not produce documents responsive to this Request.

**RFP No. 33**

For the reasons explained in its responses and objections, and because plaintiffs failed to explain the relevance of this Request during the Parties' meet-and-confers or in their March 3 Letter, the District will not produce documents responsive to this Request. Further, the District has repeatedly explained to plaintiffs that this Request would require the District to conduct an exhaustive search of voluminous files, which presents an undue burden and is not proportional to the needs to the case.

**RFP No. 34**

For the reasons explained in its responses and objections, and because plaintiffs failed to explain the relevance of this Request during the Parties' meet-and-confers or in their March 3 Letter, the District will not produce documents responsive to this Request. Further, the District has repeatedly explained to plaintiffs that this Request would require the District to conduct an exhaustive search of voluminous files, which presents an undue burden and is not proportional to the needs to the case.

**RFP No. 35**

For the reasons explained in its responses and objections, and because plaintiffs failed to explain the relevance of this Request during the Parties' meet-and-confers or in their March 3 Letter, the District will not produce documents responsive to this Request beyond what it has already agreed to produce.

With regard to documents that the District has agreed to produce, the District expects to complete its production by March 31, 2022.

**RFP No. 36**

The District produced documents responsive to this Request on February 18, 2022. If plaintiffs have specific questions about this Request, the District is willing to discuss them.

**RFP No. 37**

For the reasons explained in its responses and objections, and because plaintiffs failed to explain the relevance of this Request during the Parties' meet-and-confers or in their March 3 Letter, the District will not produce documents responsive to this Request.

**RFP No. 38**

Plaintiffs seek documents relating to the duties and responsibilities of the Police and Firefighters Retirement and Relief Board (PFRRB) as well as to the PFRRB's relationship to the District government. The PFRRB was established by statute. *See* D.C. Code § 5-722. Therefore, publicly available documents are sufficient to show the PFRRB's roles, responsibilities, and relationship to the District government. If the District identifies other additional responsive documents, it will produce them by March 31, 2022.

In addition, as Mr. Miranda explained in his testimony, MPD has no control or influence over PFRRB hearings, decisions, or orders. Accordingly, the District has no documents to produce in response to that subpart of this Request.

**RFP No. 40**

The District continues to work to respond to this Request, but it cannot satisfy plaintiffs' demand that it produce all responsive documents within 3 business days, especially when plaintiffs have failed to identify any reason to justify their demand. The District expects to complete its production of responsive documents by March 31, 2022.

**RFP No. 42**

On January 24, 2022, the District informed plaintiffs that it would not produce documents responsive to this Request for several reasons. As a show of good faith, the District agreed to investigate whether responsive documents could be produced without an undue burden. The District's investigation has yet to reveal how these documents could be produced without an undue burden.

**RFP No. 43**

On January 24, 2022, the District informed plaintiffs that it would not produce documents responsive to this Request for several reasons. As a show of good faith, the District agreed to investigate whether responsive documents could be produced without an undue burden. The District's investigation has yet to reveal how these documents could be produced without an undue burden.

**RFP No. 44**

Plaintiffs mischaracterize the District's position with regard to this Request. On January 24, 2022, the District informed plaintiffs that it would not produce documents responsive to this Request for several reasons. As a show of good faith, the District agreed to investigate whether responsive documents could be produced without an undue burden. The District has since determined that Chapter 8 of the District of Columbia's Electronic District Personnel Manual identifies the qualifications necessary to be eligible to become a police officer. The contents of Chapter 8 satisfy this Request.

**RFP No. 45**

Plaintiffs mischaracterize the District's position with regard to this Request. On January 24, 2022, the District informed plaintiffs that it would not produce documents responsive to this Request for several reasons. As a show of good faith, the District agreed to investigate whether responsive documents could be produced without an undue burden.

The District has identified documents responsive to this Request, but given that the Request spans more than 10 years, the District has not yet completed its search. The District anticipates that it will complete its production of responsive documents by March 31, 2022.

**RFP No. 46**

On January 24, 2022, the District informed plaintiffs that it would not produce documents responsive to this Request for several reasons. As a show of good faith, the District agreed to investigate whether responsive documents could be produced without an undue burden. The District's investigation has yet to reveal any responsive documents, but the investigation is not yet complete.

**RFP No. 47**

Plaintiffs mischaracterize the District's position with regard to this Request. On January 24, 2022, the District informed plaintiffs that it would not produce documents responsive to this Request for several reasons. As a show of good faith, the District agreed to investigate whether responsive documents could be produced without an undue burden.

The District has identified documents responsive to this Request, but given that the Request spans more than 10 years, the District has not yet completed its search. The District anticipates that it will complete its production of responsive documents by March 31, 2022.

**Documents Referenced in Alphonso Lee Deposition**

You identify four documents or categories of documents referenced by Alphonso Lee in his 30(b)(6) deposition that you say are "responsive," without saying what they are responsive to. The District's position on each of those documents or categories of documents is as follows:

- ADA Rights Poster: The District is working to obtain this and will produce it by March 31, 2022.

- Applicable Policies Implemented Prior to 2017 Concerning Reassignment as a Reasonable Accommodation Under the ADA: The District has produced all official, written MPD policies concerning disability accommodations.

- Draft ADA Policies Written in or Around 2013: Plaintiffs have not requested draft policies in any of their RFPs, nor have they articulated how such records would be relevant to their motion for class certification. The District will not produce these. Regardless, any such documents would likely be privileged as deliberative process material and not subject to production.

- Records of All ADA Trainings for MPD Personnel: Plaintiffs have not requested such records in any of their RFPs, nor have they articulated how such records would be relevant to their motion for class certification. The District will not produce these.

**Interrogatories**

As Mr. Miranda testified, the Centricity database is maintained by PFC Associates, not by the District. It is also not maintained "for" the District, but is rather a PFC system from which MPD draws certain information. The District does not know all fields of information contained within Centricity because the District does not have administrative access to the database. Notwithstanding all of this, the District will update its interrogatory responses to include Centricity.

**Stipulated Facts**

We are working with our client to consider the factual stipulations plaintiffs have proposed. We will respond as soon as we have had the chance to consult with our client and fully consider them.

Sincerely,

KARL A. RACINE
Attorney General for the District of Columbia

By: */s/ Richard Sobiecki*
Richard Sobiecki
Assistant Attorney General