# EXHIBIT Q

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVE PAPPAS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | Civil Action No. 19-2800 (RC) |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendants the District of Columbia and Robert J. Contee III (collectively, defendants or the District) object and respond to Plaintiffs' First Set of Requests for Production of Documents (Requests) as follows.

## GENERAL OBJECTIONS

These General Objections are continuing objections and assertions of privilege and are incorporated by reference into every response that follows. That some of these General Objections are not restated in response to a particular Request does not waive the assertion and application of the General Objections. Defendants' objections and responses shall not prejudice any objection or assertion of privilege they may later assert in any context.

Defendants respond to the Requests subject to the accompanying objections, without waiving and expressly preserving all objections.

1. Defendants object to the Requests to the extent they seek to impose obligations greater than or different from those required by the Federal Rules of Civil Procedure.

2. Defendants object to plaintiffs' definitions to the extent they assign meanings to words and phrases other than those generally understood or used in common parlance, or which, if applied literally, would result in the Requests being so overbroad and unduly burdensome as to be disproportionate to the needs of the case.

3. Defendants object to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, not reasonably related to the claims in this case, or otherwise vexatious on various grounds, including that they seek materials over a time period that is either undefined or so lengthy as to encompass immaterial, irrelevant, or otherwise inadmissible information. Specifically, defendants object to plaintiffs' requests to the extent they seek information predating the identified class periods, the earliest of which begins on December 9, 2014. Defendants further object to Definition No. 2, which purports to define "ADA Coordinator" as an "individual primarily responsible for ensuring MPD's compliance with" the various statutes at issue. "Primarily responsible for" is vague and ambiguous.

4. Defendants object to the Requests to the extent they seek information that is privileged or protected from disclosure under the attorney-client privilege, deliberative process privilege, federal law, District of Columbia statutes or Municipal regulations, the attorney work-product doctrine, and any other applicable privilege

or similar protection. Inadvertent production of any privileged information does not constitute a waiver of such privilege or any other grounds for objection to the Requests.

5. Defendants object to the Requests as unduly burdensome and redundant to the extent that they seek the production of information already in the possession of plaintiffs or that is available from publicly accessible sources, including information already obtained by plaintiffs or their agents through District of Columbia Freedom of Information Act requests.

6. Defendants retain and preserve all objections to the materiality and relevance of the information provided.

7. Defendants do not concede or admit any premise, proposition, or characterizations in any request or any pleading in this or any other matter.

8. In seeking the disclosure of information sought in the Requests, plaintiffs are understood to waive all privileges, protections or claims relating to the subject of the disclosure.

9. Defendants' responses are accurate to the best of their knowledge as of this date. Defendants' investigations, however, are ongoing, and defendants reserve the right to supplement or amend their responses in any way consistent with the Federal Rules of Civil Procedure.

10. Defendants reserve the right to object to the use of these responses in any proceedings outside of this case.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. The District objects to Definition No. 7, which defines "Employee File" in an overly broad manner that would encompass virtually every document, including emails, making any reference to the employee in question. The District further objects that Definition No. 7 includes within the definition of "Employee File" all documents kept in the usual course of business by "The Police & Fire Clinic / PFC Associates, LLC." The Police and Fire Clinic is an independent entity and not part of the government of the District of Columbia. Except for specific records that have been transmitted to District government agencies, Police and Fire Clinic records are not within the District's custody or control.

2. The District objects to General Instructions 2, 3, 6 and 9 to the extent they impose obligations different from or beyond those provided for under the Federal Rules of Civil Procedure, Local Civil Rules, and common law.

3. The District objects to General Instruction 11 on the grounds that "state the burden or expense" is vague and ambiguous and appears to assume that every burden can be reduced to a monetary value. Further, the District objects to any demand that it calculate the expense of responding to an unduly burdensome request, which would itself be unduly burdensome.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**Request No. 1:** All policies, procedures, and guidelines Concerning requests for, or grants or denials of, disability-related Accommodations for MPD officers.

**Response:** The District objects to this Request as vague and ambiguous because plaintiffs do not define "policies, procedures, and guidelines," "requests," "grants,"

"denials," or "disability-related." Plaintiffs' failure to define these terms would require the District to speculate as to which documents are responsive to this Request. Further, the District objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 1 that are identified after a reasonable search.

**Request No. 2:** All policies, procedures, and guidelines Concerning (1) the placement of MPD officers on Limited Duty Status or on leave (paid or unpaid); (2) the return of officers that were on leave to Limited Duty Status or to Full Duty Status; and (3) the return of officers that were on Limited Duty Status to Full Duty Status.

**Response:** The District objects to this Request as vague and ambiguous because plaintiffs do not define "policies, procedures, and guidelines." The District further objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-

privileged, non-confidential documents responsive to Request No. 2 that are identified after a reasonable search.

**Request No. 3:** All policies, procedures, and guidelines Concerning the Reassignment of MPD officers to vacant positions within MPD or the DC Government.

**Response:** The District objects to this Request as vague and ambiguous because plaintiffs do not define "policies, procedures, and guidelines." The District further objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 3 that are identified after a reasonable search.

**Request No. 4:** All policies, procedures, and guidelines Concerning the Restructuring of MPD officers' jobs as an Accommodation.

**Response:** The District objects to this Request as vague and ambiguous because plaintiffs do not define "policies, procedures, and guidelines." The District further objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require

the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 4 that are identified after a reasonable search.

**Request No. 5:** All policies, procedures, and guidelines Concerning the referral of MPD officers to Disability Retirement.

**Response:** The District objects to this Request as vague and ambiguous because plaintiffs do not define "policies, procedures, and guidelines." The District further objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 5 that are identified after a reasonable search.

**Request No. 6:** All Documents Concerning Plaintiffs' POD or non-POD Injuries/Illnesses or disabilities.

**Response:** The District objects to this Request as cumulative, duplicative, and unduly burdensome for two reasons. First, it seeks "all" documents when many

documents are likely to have the exact same information. Second, the request does not define "Injuries," "Illnesses," or "disabilities," and does not identify specific injuries, illnesses, or disabilities for which documents are sought. Accordingly, the District objects to this Request to the extent it seeks documents pertaining to matters wholly unrelated to this litigation. The District further objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 6 that are identified after a reasonable search to the extent those documents relate to the medical conditions alleged by plaintiffs in the Amended Complaint.

**Request No. 7:** A Microsoft Excel or comma separated value (CSV) file, generated from data maintained by MPD or DC, with the following information for each MPD officer who was referred to the Retirement Board for Disability Retirement:

a. MPD start date and retirement date;
b. Date of birth;
c. Bureau, division, branch, unit, district, and/or section, as well as job title/position, at time of hire and time of retirement;
d. Salary at time of hire and time of retirement;
e. The injury, illness, or disability that was a substantial basis for the decision to place the officer on less than full duty status and (if different) to refer the officer to the Retirement Board for Disability Retirement, and whether the injury, illness, or disability was a POD injury/illness or a non-POD injury/illness;

f. The dates (if any) the officer had Limited Duty Status due to the injury, illness, or disability referred to in subpart(e) of this Request;
g. The dates (if any) the officer was on leave as a result of the injury, illness, or disability referred to in subpart(e) of this Request, and whether the leave was paid or unpaid;
h. The number of days in a less than full duty status the officer had accrued as of the date the officer was referred to the Retirement Board for Disability Retirement;
i. Any positions (including the agency and job title) within the DC government to which Defendants or MPD offered to Reassign the officer in lieu of Disability Retirement, and, for each such position, why such Reassignment did not take place;
j. Whether, in lieu of Disability Retirement, Defendants or MPD offered Job Restructuring or other Accommodations in order to enable the officer to continue working as an MPD employee, and, if so, why the officer did not agree to such Job Restructuring or other Accommodations;
k. All requests for Accommodations made by that officer, and whether they were granted;
l. Whether the officer had requested to continue working at MPD or the DC Government prior to retirement;
m. The date of any Retirement Board hearing(s);
n. The Retirement Board's decision, the date of that decision, the reason for retirement, and the effective date of retirement (if applicable); and
o. The pension percentage or annual retirement payments for that officer.

**Response:** The District objects to this Request as cumulative, duplicative, and unduly burdensome because the District does not keep the requested information in the requested format in the normal course of business. The District further objects to this Request as vague and ambiguous, as plaintiffs do not define "substantial basis" in subpart e, "offered" in subparts i and j, "requests" in subpart k, "requested" in subpart l, or "reason" in subpart n. The District further objects to subparts i and j insofar as they do not request factual information but instead seek the District's speculation as to why certain events did or did not take place. Such requests exceed the permissible scope of document discovery, and the District will not provide such information. Further, the District objects that this Request calls for the production of

information protected from disclosure by applicable federal or District of Columbia law.

The District will not create and produce documents responsive to this Request. To the extent documents produced in response to other Requests do not provide plaintiffs with the information identified in subparts a through o, the District will consider a request to supplement its production.

**Request No. 8:** All Documents Concerning hearings before the Retirement Board Concerning Disability Retirement for the named Plaintiffs.

**Response:** The District objects to this Request as cumulative, duplicative, and unduly burdensome because it seeks "all" documents when many documents are likely to have the exact same information.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 8 that are identified after a reasonable search.

**Request No. 9:** Electronic data, an electronic database, or databases in a useable format such as Microsoft Excel sufficient to identify all MPD officers who took sick, family, personal, military, medical, and/or other leave of absence totaling 172 cumulative workdays or more during any 24-month period from January 1, 2012 until the Present; the dates each officer was on such leave; whether the officer returned to Full Duty Status, Limited Duty Status, resigned, was terminated, or retired after such leave; and the dates of such return to Full Duty Status, Limited Duty Status, resignation, termination, or retirement.

**Response:** The District objects to this Request as cumulative, duplicative, and unduly burdensome for several reasons. First, the District does not keep the requested information in the requested format in the normal course of business. The

District would therefore have to manually create a file with all the fields of information plaintiffs seek. Second, plaintiffs seek records pre-dating the start of the relevant class periods. The District further objects to this Request as overly broad because it seeks records of officers who took leave for reasons that are not relevant to any issue in this case.

The District will not produce records in response to this Request.

**Request No. 10:** All Documents Concerning whether Accommodations for Plaintiffs would result in an undue burden or fundamental alteration for Defendants.

**Response:** The District objects to this Request as overly broad and unduly burdensome as it seeks "all" documents when many documents are likely to have the exact same information. The District further objects to this Request as vague and ambiguous as to "undue burden" and "fundamental alteration," as plaintiffs do not identify any legal authorities defining these terms or otherwise offer definitions of their own. Additionally, the District objects to this Request insofar as it seeks the District's legal conclusions.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 10 that are identified after a reasonable search.

**Request No. 11:** All Documents in Plaintiffs' Employee Files, including Retirement Board files, Police & Fire Clinic files, ADA files, or other employment-related files. This Request includes Documents Concerning Accommodations for Plaintiffs.

**Response:** The District objects to this Request as overly broad and unduly burdensome as it seeks "all" documents when many documents are likely to have the exact same information. The District further objects that although plaintiffs include Police and Fire Clinic records within the definition of "Employee File," Police and Fire Clinic records are not within the custody or control of the District. The District further objects to this Request as overly broad and unduly burdensome for two reasons. First, "Employee File" is defined in such a broad manner as to encompass virtually every document making any mention of the employee in question in any context, extending well beyond material relevant to this case. Second, the Request is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 11 that are identified after a reasonable search.

**Request No. 12:** All policies, procedures, and guidelines Concerning MPD employees' rights under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

**Response:** The District objects to this Request as vague and ambiguous as to "policies," "procedures," "guidelines," and "rights," none of which plaintiffs define. The District further objects to the Request to the extent it seeks the District's legal

conclusions about employees' rights under the Americans with Disabilities Act or Section 504 of the Rehabilitation Act. The District further objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 12 that are identified after a reasonable search.

**Request No. 13:** All Documents Concerning how MPD or DC Government employees should respond to requests for Accommodations from MPD officers.

**Response:** The District objects to this Request as overly broad and unduly burdensome as it seeks "all" documents when many documents are likely to have the exact same information. The District further objects to this Request as vague and ambiguous as to the meaning of "should respond" and "requests," neither of which plaintiffs define. The District further objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 13 that are identified after a reasonable search.

**Request No. 14:** All Documents Concerning the ADA Coordinator(s) responsible for MPD employees, including job descriptions, policies, procedures, and training materials Concerning the role of the ADA Coordinator, and Documents Concerning how MPD officers may Communicate with the ADA Coordinator.

**Response**: The District objects to this Request as overly broad and unduly burdensome as it seeks "all" documents when many documents are likely to have the exact same information. The District further objects to this Request as vague and ambiguous as to the meaning of "policies" and "procedures," neither of which plaintiffs define. The District further objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 14 that are identified after a reasonable search.

**Request No. 15:** All Documents Concerning MPD police officers who sustained an injury, illness, or disability, were placed on leave and/or Limited Duty Status, and

subsequently were referred to Disability Retirement due to that injury, illness, or disability.

**Response:** The District objects to this Request as overly broad and unduly burdensome for several reasons. First, it seeks "all" documents when many documents are likely to have the exact same information. Second, this request is cumulative as it seeks information also responsive to Requests 7, 8, and/or 9. Third, it is not time-limited and, even assuming it is limited to what Plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims. The District further objects to this Request insofar as it calls for the production of information protected from disclosure by applicable federal or District of Columbia law.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 15, subject to the Court's protective order, that are identified after a reasonable search.

**Request No. 16:** All policies, procedures, and guidelines Concerning disability-related Accommodations offered by DC Government agencies identified in response to Interrogatory No. 23.

**Response:** The District objects to this Request as overly broad and unduly burdensome insofar as it seeks information not relevant to any claim or defense in this case. The District further objects to this Request as vague and ambiguous as to the terms "policies," "procedures," "guidelines," and "disability-related."

Subject to the foregoing objections and the objections stated in the District's objections and responses to plaintiffs' first set of interrogatories, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 16 that are identified after a reasonable search.

**Request No. 17:** Electronic data, an electronic database, or databases in a useable format such as Microsoft Excel sufficient to identify:

a. All DC government job vacancies from January 1, 2012 to the present;
b. Titles of such vacant positions;
c. Job descriptions of such vacant positions;
d. The department/agency wherein the position was located; and
e. For each vacant position, the date the position became vacant and the date it was filled.

**Response:** The District objects to this Request as overly broad and unduly burdensome for two reasons. First, by seeking the requested data for "[a]ll DC government job vacancies" during the specified time period, this Request seeks information pertaining to District government job vacancies not relevant to this litigation. Second, this Request seeks information about job vacancies outside of the relevant time period at issue.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 17 reflecting vacancies within MPD only during the relevant class periods.

**Request No. 18:** All Documents Concerning Defendants' contention that Accommodations requested by Plaintiffs were or are unreasonable.

**Response:** The District objects to this Request as overly broad and unduly burdensome, as it seeks "all" documents when many documents are likely to have the exact same information. The District further objects to this Request as vague and ambiguous, as it is unclear which "contention" this Request refers to, and plaintiffs do not cite any source from which the purported "contention" can be found.

Subject to the foregoing objections, the District responds that plaintiffs do not allege that they requested any accommodations. Accordingly, the District has no documents in its possession responsive to this Request.

**Request No. 19:** All Documents relied upon by Defendants in answering Plaintiffs' written discovery requests.

**Response:** The District objects to this Request as overly broad and unduly burdensome, as it seeks "all" documents when many documents are likely to have the exact same information. The District further objects to this Request as merely duplicative of each individual Request otherwise served on the District.

The District contends that all other documents produced in response to plaintiffs' other document requests suffice to respond to this Request. The District has no additional documents in its possession responsive to this Request.

**Request No. 20:** All Documents upon which Defendants rely if and when they oppose Plaintiffs' forthcoming Motion for Class Certification.

**Response:** The District objects to this Request as overly broad and unduly burdensome, as it seeks "all" documents when many documents are likely to have the exact same information. The District further objects to this Request insofar as it seeks information protected from disclosure by any privilege or the work-product doctrine.

Additionally, the District objects to this Request as improperly imposing upon the District future discovery obligations for documents that have not yet been identified and may not yet exist.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 20.

**Request No. 21:** All Documents Concerning the affirmative defenses listed in Defendants' Answer in this litigation.

**Response:** The District objects to this Request as overly broad and unduly burdensome, as it seeks "all" documents when many documents are likely to have the exact same information. The District further objects to this Request insofar as it seeks information protected from disclosure by any privilege or the work-product doctrine.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 21 that are identified after a reasonable search.

**Request No. 22:** All collective bargaining agreements, and any amendments or modifications thereto, that cover MPD police officers and that were in effect since January 1, 2012.

**Response:** The District objects to this Request as overly broad and unduly burdensome as it seeks records pre-dating the start of the relevant class periods.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-

privileged, non-confidential documents responsive to Request No. 22 that are identified after a reasonable search.

**Request No. 23:** All Documents Concerning the relationship between PFC Associates, LLC and/or the Police and Fire Clinic, on the one hand, and the DC Government and/or MPD, on the other.

**Response:** The District objects to this Request as overly broad and unduly burdensome, as it seeks "all" documents when many documents are likely to have the exact same information. The District further objects to this Request as vague and ambiguous, as it is unclear what "relationship between" means for the four entities identified. The District further objects to this Request insofar as it seeks information protected from disclosure by any privilege or the work-product doctrine. The District further objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 23 that are identified after a reasonable search.

**Request No. 24:** All Documents Concerning the organizational structure, operations, and responsibilities of the PFC Clinic and PFC Associates, LLC.

**Response:** The District objects to this Request as overly broad and unduly burdensome, as it seeks "all" documents when many documents are likely to have the

exact same information. The District further objects to this Request as vague and ambiguous, as it is unclear what "operations" and "responsibilities" mean. The District further objects to this Request insofar as it seeks documents in the possession of the Police and Fire Clinic, which are not within the District's custody or control. The District further objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 24 that are identified after a reasonable search.

**Request No. 25:** The District of Columbia Police Officers and Firefighters' Retirement Plan.

**Response:** The District objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

To the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 25 that are identified after a reasonable search.

**Request No. 26:** All Communications between MPD and the PFC Clinic Concerning MPD police officers who were referred to the Retirement Board for Disability Retirement.

**Response:** The District objects to this Request as overly broad and unduly burdensome, as it seeks "all" communications pertaining to MPD officers, many of which may not be relevant to this litigation. The District further objects to this Request as vague and ambiguous as to which individuals' communications qualify as communications by "MPD." The District further objects to this Request insofar as it seeks documents in the possession of the Police and Fire Clinic, which are not within the District's custody or control. The District further objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 26 that are identified after a reasonable search.

**Request No. 27:** Disability insurance policies and summary plan descriptions for disability insurance benefits offered by Defendants to the Plaintiffs or to any other current or former MPD officer from January 1, 2012 to the Present, as well as all workers' compensation benefits policies applicable to MPD officers injured on the job.

**Response:** The District objects to this Request as vague and ambiguous as to the term "applicable to." The District further objects to this Request as overly broad

and unduly burdensome because it requires the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 27 that are identified after a reasonable search.

**Request No. 28:** All Documents Concerning the responsibilities of the Director of the Medical Services Section of MPD.

**Response:** The District objects to this Request as overly broad and unduly burdensome, as it seeks "all" documents when many documents are likely to have the exact same information. The District further objects to this Request as overly broad and unduly burdensome because it is not time-limited and, even assuming it is limited to what plaintiffs define as the relevant period, it would still impose an undue burden on the District because it would require the District to search for responsive documents over a significantly longer period of time than is relevant to plaintiffs' claims.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 28 that are identified after a reasonable search.

Dated: July 2, 2021.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Acting Deputy Attorney General
Public Interest Division

*/s/ Micah Bluming*
MICAH BLUMING [1618961]
RICHARD P. SOBIECKI [500163]
Assistant Attorneys General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
(202) 724-7272
micah.bluming@dc.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that, on July 2, 2021, a copy of Defendants' Responses and Objections to Plaintiffs' First Request for Production of Documents, was served by electronic mail (by consent per Fed. R. Civ. P. 5(b)(2)(E)) on:

Andrew Levy, Esq.
Eve Hill, Esq.
BROWN, GOLDSTEIN & LEVY, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
adl@browngold.com
ehill@browngold.com

Ellen Eardley, Esq.
Cyrus Mehri, Esq.
Desiree Langley, Esq.
Mehri & Skalet, PLLC
1250 Connecticut Ave., NW, Suite 300
Washington, DC 20036
eeardley@findjustice.com
cmehri@findjustice.com
dlangley@findjustice.com

*/s/ Micah Bluming*
MICAH BLUMING [1618961]
Assistant Attorney General