# EXHIBIT R

**UNITED STATES DISTRICT COURT**
**FOR DEFENDANTS OF COLUMBIA**

| | |
|---|---|
| **STEVE PAPPAS, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 19-2800 (RC)** |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendants the District of Columbia and Robert J. Contee III (collectively, the District) object and respond to Plaintiffs' Second Set of Requests for Production of Documents (Requests) as follows.

**GENERAL OBJECTIONS**

These General Objections are continuing objections and assertions of privilege and are incorporated by reference into every response that follows. That some of these General Objections are not restated in response to a particular Request does not waive the assertion and application of the General Objections. The District's objections and responses shall not prejudice any objection or assertion of privilege it may later assert in any context.

The District responds to the Requests subject to the accompanying objections, without waiving and expressly preserving all objections.

1. The District objects to the Requests to the extent they seek to impose obligations greater than or different from those required by the Federal Rules of Civil Procedure.

2. The District objects to plaintiffs' definitions to the extent they assign meanings to words and phrases other than those generally understood or used in common parlance, or which, if applied literally, would result in the Requests being so overbroad and unduly burdensome as to be disproportionate to the needs of the case.

3. The District objects to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, not reasonably related to the claims in this case, or otherwise vexatious on various grounds, including that they seek materials over a time period that is either undefined or so lengthy as to encompass immaterial, irrelevant, or otherwise inadmissible information. Specifically, the District objects to plaintiffs' requests to the extent they seek information predating the identified class periods, the earliest of which begins on December 9, 2014.

4. The District objects to the Requests to the extent they seek information that is privileged or protected from disclosure under the attorney-client privilege, deliberative process privilege, federal law, District of Columbia statutes or Municipal regulations, the attorney work-product doctrine, and any other applicable privilege or similar protection. Inadvertent production of any privileged information does not constitute a waiver of such privilege or any other grounds for objection to the Requests.

5. The District objects to the Requests as unduly burdensome and redundant to the extent that they seek the production of information already in the possession of plaintiffs or that is available from publicly accessible sources, including information already obtained by plaintiffs or

their agents through District of Columbia Freedom of Information Act requests.

6. The District objects retains and preserves all objections to the materiality and relevance of the information provided.

7. The District does not concede or admit any premise, proposition, or characterizations in any request or any pleading in this or any other matter.

8. In seeking the disclosure of information sought in the Requests, plaintiffs are understood to waive all privileges, protections or claims relating to the subject of the disclosure.

9. The District's responses are accurate to the best of its knowledge as of this date. The District's investigations, however, are ongoing, and the District reserves the right to supplement or amend its responses in any way consistent with the Federal Rules of Civil Procedure.

10. The District reserves the right to object to the use of these responses in any proceedings outside of this case.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. The District objects to Definition Nos. 1, 16, and 28 to the extent they call for the District's legal conclusions in responding to applicable Requests.

2. The District objects to General Instructions 2, 3, 6, and 9 to the extent they impose obligations different from or beyond those provided for under the Federal Rules of Civil Procedure, Local Civil Rules, and common law.

3. The District objects to General Instruction No. 11 on the grounds that "state the burden or expense" is vague and ambiguous and appears to assume that every burden can be reduced to a monetary value. Further, the District objects to any demand that it calculate the

expense of responding to an unduly burdensome request, which would itself be unduly burdensome.

**OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

**Request No. 29:** Retirement and/or pension plans for District employees other than police officers and firefighters, including such plans for MPD civilian employees.

**Response:** At plaintiffs' request, the District agreed to bifurcate discovery. The Parties are currently in class discovery [33]. In support of plaintiffs' claim that certification of a class is justified under Federal Rule of Civil Procedure 23, plaintiffs allege in the Second Amended Complaint that (i) "[c]ommon questions … predominate … such as whether Defendants have a policy or practice that forces disability retirement and denies accommodations," Second Am. Compl. ¶ 89 [28]; (ii) "Defendants engaged in a common course of conduct based on their adoption and application of the MPD Forded Retirement policy or practice and the reasonable accommodation policy or practice that gives rise to the legal rights sought to be enforced by Plaintiffs," *id.* ¶ 90; (iii) "all Class (and Subclass) members were comparably injured through Defendants' uniform and discriminatory application of their Forced Retirement Policy and failures to provide reasonable accommodations of reassignment, job restructuring, and extended leave," *id.* ¶ 91; and (iv) "common issues … predominate … because proof of Defendants' common systemic policy of civil rights violations will provide the common proof to establish liability against Defendants," *id.* ¶ 94.

The District objects to this Request as not relevant to plaintiffs' motion for class certification, unduly burdensome, not proportional to the needs of the case, and cumulative of prior requests. Plaintiffs have already requested retirement and pension information for the proposed Class and Subclass members. *See* No. 25, Pls.' First Set of Requests for Production of Documents; Second Am. Compl. ¶¶ 84–86 (limiting proposed Class and Section 504 Subclass to "sworn law

enforcement officers"). Further, responding to this Request would require the District to canvass every District agency, which would take considerable time given the number of District agencies.

Given the associated burden, the discovery that the District has already provided to plaintiffs, and its lack of relevance, the requested additional discovery concerning retirement information is not proportional to the needs to the case. The District will not produce any documents in response to this Request.

**Request No. 30:** DC Government salaries for District employees, including MPD civilian employees.

**Response:** At plaintiffs' request, the District agreed to bifurcate discovery. The Parties are currently in class discovery [33]. In support of plaintiffs' claim that certification of a class is justified under Federal Rule of Civil Procedure 23, plaintiffs allege in the Second Amended Complaint that (i) "[c]ommon questions … predominate … such as whether Defendants have a policy or practice that forces disability retirement and denies accommodations," Second Am. Compl. ¶ 89 [28]; (ii) "Defendants engaged in a common course of conduct based on their adoption and application of the MPD Forded Retirement policy or practice and the reasonable accommodation policy or practice that gives rise to the legal rights sought to be enforced by Plaintiffs," *id*. ¶ 90; (iii) "all Class (and Subclass) members were comparably injured through Defendants' uniform and discriminatory application of their Forced Retirement Policy and failures to provide reasonable accommodations of reassignment, job restructuring, and extended leave," *id*. ¶ 91; and (iv) "common issues … predominate … because proof of Defendants' common systemic policy of civil rights violations will provide the common proof to establish liability against Defendants," *id*. ¶ 94.

The District objects to this Request as not relevant to plaintiffs' motion for class certification, unduly burdensome, not proportional to the needs of the case, and cumulative of prior

requests. Plaintiffs have already requested salary information for the proposed Class and Subclass members. *See* No. 7, Pls.' First Set of Requests for Production of Documents. Further, the District has already produced salary tables for sworn law enforcement officers, and regardless, salary information for District employees is publicly available. This Request would require the District to canvass every District agency and determine what every employee was paid over a more than 10-year period.

Given the associated burden, the discovery that the District has already provided to plaintiffs, and its lack of relevance, the requested additional discovery concerning salary information is not proportional to the needs to the case. The District will not produce any documents in response to this Request.

**Request No. 31:** Documents sufficient to show the minimum qualifications, requirements, and/or skills that all MPD police officers must possess to serve as an MPD police officer.

**Response:** The District objects to this Request as vague and ambiguous because plaintiffs do not define "minimum qualifications," "requirements," or "skills."

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to Request No. 31 that are identified after a reasonable search.

**Request No. 32:** A Microsoft Excel or comma separated value (CSV) file, generated from data maintained by MPD or DC, with the following information for each MPD officer listed in the document titled "Updated Ex. A._Def.'s Third Supp. ROG Response. xlsx" or the document titled "Updated Ex. B_Def.'s Third Supp. ROG Response.xlsx":

a) Base pay (for each year the individual worked for MPD);
b) Actual compensation (for each year the officer worked for MPD), broken down by salary, overtime payments, and other compensation (if any) received;
c) Final disability annuity as determined by the DC Retirement Board; and
d) The total sum of disability annuity payments paid each year since retirement.

**Response:** At plaintiffs' request, the District agreed to bifurcate discovery. The Parties are currently in class discovery [33]. In support of plaintiffs' claim that certification of a class is justified under Federal Rule of Civil Procedure 23, plaintiffs allege in the Second Amended Complaint that (i) "[c]ommon questions … predominate … such as whether Defendants have a policy or practice that forces disability retirement and denies accommodations," Second Am. Compl. ¶ 89 [28]; (ii) "Defendants engaged in a common course of conduct based on their adoption and application of the MPD Forded Retirement policy or practice and the reasonable accommodation policy or practice that gives rise to the legal rights sought to be enforced by Plaintiffs," *id*. ¶ 90; (iii) "all Class (and Subclass) members were comparably injured through Defendants' uniform and discriminatory application of their Forced Retirement Policy and failures to provide reasonable accommodations of reassignment, job restructuring, and extended leave," *id*. ¶ 91; and (iv) "common issues … predominate … because proof of Defendants' common systemic policy of civil rights violations will provide the common proof to establish liability against Defendants," *id*. ¶ 94.

The District objects to this Request as not relevant to plaintiffs' motion for class certification, unduly burdensome, not proportional to the needs of the case, and cumulative of prior requests. Plaintiffs have already requested salary information for the proposed Class and Subclass members. *See* No. 7, Pls.' First Set of Requests for Production of Documents. Further, the District objects to this Request to the extent the information it seeks is not kept in the requested format in the normal course of business. The District also objects to this Request as vague and ambiguous because plaintiffs do not define "Final disability annuity" and leave it ambiguous as to whether they seek a per-year or lifetime aggregate of the disability payments each officer received. This Request is unduly burdensome as well because it would require the District to compile salary and

payment information for more than 150 officers over a period that could span decades and will likely require a highly individualized analysis.

Given the associated burden, the discovery that the District has already provided to plaintiffs, and its lack of relevance, the requested additional discovery concerning salary information is not proportional to the needs to the case. The District will not produce any documents in response to this Request.

**Request No. 33:** Labor Market Survey reports for each MPD officer listed in the document titled “Updated Ex. A._Def.’s Third Supp. ROG Response. Xlsx” or the document titled “Updated Ex. B_Def.’s Third Supp. ROG Response.xlsx.

**Response:** At plaintiffs’ request, the District agreed to bifurcate discovery. The Parties are currently in class discovery [33]. In support of plaintiffs’ claim that certification of a class is justified under Federal Rule of Civil Procedure 23, plaintiffs allege in the Second Amended Complaint that (i) “[c]ommon questions … predominate … such as whether Defendants have a policy or practice that forces disability retirement and denies accommodations,” Second Am. Compl. ¶ 89 [28]; (ii) “Defendants engaged in a common course of conduct based on their adoption and application of the MPD Forded Retirement policy or practice and the reasonable accommodation policy or practice that gives rise to the legal rights sought to be enforced by Plaintiffs,” *id.* ¶ 90; (iii) “all Class (and Subclass) members were comparably injured through Defendants’ uniform and discriminatory application of their Forced Retirement Policy and failures to provide reasonable accommodations of reassignment, job restructuring, and extended leave,” *id.* ¶ 91; and (iv) “common issues … predominate … because proof of Defendants’ common systemic policy of civil rights violations will provide the common proof to establish liability against Defendants,” *id.* ¶ 94.

The District objects to this Request as not relevant to plaintiffs' motion for class certification, unduly burdensome, not proportional to the needs of the case, and cumulative of prior requests. Plaintiffs have already requested more than 15 subcategories of documents concerning potential Class and Subclass members. *See* No. 7, Pls.' First Set of Requests for Production of Documents. Among other documents, the District has already produced the orders and decisions of the Retirement Board for the potential Class and Subclass members in addition to files relating to reasonable accommodation requests made by the potential class members. At plaintiffs' request, the District is also in the process of reviewing emails sent to or received by potential class members from MPD's ADA Coordinators.

Given the associated burden, the discovery that the District has already provided to plaintiffs, and its lack of relevance, the requested additional discovery concerning potential class members' Retirement Board proceedings is not proportional to the needs to the case. The District will not produce any documents in response to this Request.

**Request No. 34:** For each MPD officer listed in the document titled "Updated Ex. A._Def.'s Third Supp. ROG Response. xlsx" or the document titled "Updated Ex. B_Def.'s Third Supp. ROG Response.xlsx, that officer's Physical Demand Codes.

**Response:** At plaintiffs' request, the District agreed to bifurcate discovery. The Parties are currently in class discovery [33]. In support of plaintiffs' claim that certification of a class is justified under Federal Rule of Civil Procedure 23, plaintiffs allege in the Second Amended Complaint that (i) "[c]ommon questions … predominate … such as whether Defendants have a policy or practice that forces disability retirement and denies accommodations," Second Am. Compl. ¶ 89 [28]; (ii) "Defendants engaged in a common course of conduct based on their adoption and application of the MPD Forded Retirement policy or practice and the reasonable accommodation policy or practice that gives rise to the legal rights sought to be enforced by

Plaintiffs," *id.* ¶ 90; (iii) "all Class (and Subclass) members were comparably injured through Defendants' uniform and discriminatory application of their Forced Retirement Policy and failures to provide reasonable accommodations of reassignment, job restructuring, and extended leave," *id.* ¶ 91; and (iv) "common issues … predominate … because proof of Defendants' common systemic policy of civil rights violations will provide the common proof to establish liability against Defendants," *id.* ¶ 94.

The District objects to this Request as not relevant to plaintiffs' motion for class certification, unduly burdensome, not proportional to the needs of the case, and cumulative of prior requests. Plaintiffs have already requested more than 15 subcategories of documents concerning potential Class and Subclass members. *See* No. 7, Pls.' First Set of Requests for Production of Documents. Among other documents, the District has already produced the orders and decisions of the Retirement Board for the potential Class and Subclass members in addition to files relating to reasonable accommodation requests made by the potential class members. At plaintiffs' request, the District is also in the process of reviewing emails sent to or received by potential class members from MPD's ADA Coordinators.

Given the associated burden, the discovery that the District has already provided to plaintiffs, and its lack of relevance, the requested additional discovery concerning potential class members' Retirement Board proceedings is not proportional to the needs to the case. The District will not produce any documents in response to this Request.

**Request No. 35:** For the individuals identified by Defendants in their response to Interrogatory No. 12 as having been reassigned or transferred due to a disability, a Microsoft Excel or comma separated value (CSV) file, generated from data maintained by MPD or DC, with the following information:

a) Date of birth;
b) Start date as an MPD officer;
c) Bureau, division, branch, unit, district, and/or section, as well as job title/position, at their time of hire as an MPD officer;

d) The total sum of salary and overtime pay received for each year they served as MPD officers;
e) The injury, illness, or disability that was a substantial basis for the determination to reassign or transfer the officer because of a disability;
f) The bureau, division, branch, unit, district, and/or section, as well as job title/position, to which the individual was transferred or reassigned, as well as whether or not the individual was a sworn officer in their new title/position;
g) The salary and overtime pay for each year they served in the new position to which the officer was transferred or reassigned;
h) Why the individual was reassigned or transferred rather than being referred to the Retirement Board for disability retirement;
i) Whether the officer had requested to continue working at MPD or in the DC Government before or after the determination was made that he/she would be reassigned or transferred because of a disability;
j) All Accommodation requests made by that officer, and whether they were granted; and
k) The bureau, division, branch, unit, district, and/or section, as well as job title/position, for each year since the time of their reassignment or transfer, for each year for as long as they were employed by the DC Government.

**Response:** At plaintiffs' request, the District agreed to bifurcate discovery. The Parties are currently in class discovery [33]. In support of plaintiffs' claim that certification of a class is justified under Federal Rule of Civil Procedure 23, plaintiffs allege in the Second Amended Complaint that (i) "[c]ommon questions … predominate … such as whether Defendants have a policy or practice that forces disability retirement and denies accommodations," Second Am. Compl. ¶ 89 [28]; (ii) "Defendants engaged in a common course of conduct based on their adoption and application of the MPD Forded Retirement policy or practice and the reasonable accommodation policy or practice that gives rise to the legal rights sought to be enforced by Plaintiffs," *id*. ¶ 90; (iii) "all Class (and Subclass) members were comparably injured through Defendants' uniform and discriminatory application of their Forced Retirement Policy and failures to provide reasonable accommodations of reassignment, job restructuring, and extended leave," *id*. ¶ 91; and (iv) "common issues … predominate … because proof of Defendants' common systemic policy of civil rights violations will provide the common proof to establish liability against Defendants," *id*. ¶ 94.

The District objects to this Request as not relevant to plaintiffs' motion for class certification, unduly burdensome, not proportional to the needs of the case, and cumulative of prior requests. Plaintiffs have already requested more than 15 subcategories of documents concerning potential Class and Subclass members. *See* No. 7, Pls.' First Set of Requests for Production of Documents. Among other documents, the District has already produced the orders and decisions of the Retirement Board for the potential Class and Subclass members in addition to files relating to reasonable accommodation requests made by the potential class members. At plaintiffs' request, the District is also in the process of reviewing emails sent to or received by potential class members from MPD's ADA Coordinators. Given the associated burden, the discovery that the District has already provided to plaintiffs, and its lack of relevance, the requested additional discovery is not proportional to the needs to the case.

Subject to the foregoing objections, the District will produce non-privileged documents kept in the normal course of business after a reasonable search sufficient to show subsections (a), (b), (c), (e), (f), (h), (i), (j), and (k). The District will not produce documents concerning the remaining subsections in response to this Request.

**Request No. 36:** Documents sufficient to show the organizational structure of MPD during the Class Period, such as charts showing the various components of MPD and chains of command.

**Response:** The District objects to this Request as vague and ambiguous because it does not define "sufficient to show," "organizational structure," "components," and "chains of command."

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to this Request that are identified after a reasonable search.

**Request No. 37:** All Documents Concerning income earned after Disability Retirement by former MPD officers listed in "Updated Ex. A._Def.'s Third Supp. ROG Response. xlsx," including Annual Earned Income Reports or other documents concerning annual income submitted by former MPD officers to the D.C. Retirement Board ("DCRB").

**Response:** At plaintiffs' request, the District agreed to bifurcate discovery. The Parties are currently in class discovery [33]. In support of plaintiffs' claim that certification of a class is justified under Federal Rule of Civil Procedure 23, plaintiffs allege in the Second Amended Complaint that (i) "[c]ommon questions … predominate … such as whether Defendants have a policy or practice that forces disability retirement and denies accommodations," Second Am. Compl. ¶ 89 [28]; (ii) "Defendants engaged in a common course of conduct based on their adoption and application of the MPD Forded Retirement policy or practice and the reasonable accommodation policy or practice that gives rise to the legal rights sought to be enforced by Plaintiffs," *id*. ¶ 90; (iii) "all Class (and Subclass) members were comparably injured through Defendants' uniform and discriminatory application of their Forced Retirement Policy and failures to provide reasonable accommodations of reassignment, job restructuring, and extended leave," *id*. ¶ 91; and (iv) "common issues … predominate … because proof of Defendants' common systemic policy of civil rights violations will provide the common proof to establish liability against Defendants," *id*. ¶ 94.

The District objects to this Request as not relevant to plaintiffs' motion for class certification, unduly burdensome, not proportional to the needs of the case, and cumulative of prior requests. Plaintiffs have already requested more than 15 subcategories of documents concerning potential Class and Subclass members. *See* No. 7, Pls.' First Set of Requests for Production of Documents. Among other documents, the District has already produced the orders and decisions of the Retirement Board for the potential Class and Subclass members in addition to files relating to reasonable accommodation requests made by the potential class members. At plaintiffs' request,

the District is also in the process of reviewing emails sent to or received by potential class members from MPD's ADA Coordinators.

Given the associated burden, the discovery that the District has already provided to plaintiffs, and its lack of relevance, the requested additional discovery concerning potential class members' Retirement Board proceedings is not proportional to the needs to the case. The District will not produce any documents in response to this Request.

**Request No. 38:** Documents sufficient to show:

a) The duties and responsibilities of the Police and Firefighters Retirement [and] Relief Board, including the matters (if any) over which it makes final determinations versus recommendations to be approved by another part of the DC Government;
b) The extent to which MPD controls or influences the timing of hearings before the Police and Firefighters Retirement Relief Board and/or the contents of decisions and orders issued by the Police and Firefighters Retirement Relief Board;
c) Whether the Police and Firefighters Retirement Relief Board is independent from, or a part of, the DC Government.

**Response:** The District objects to this Request as cumulative, duplicative, and unduly burdensome because subcategory (a) duplicates plaintiffs' previous requests. *See* Nos. 23 and 24, Pls.' First Set of Requests for Production of Documents. The District further objects to this Request as vague and ambiguous as to "recommendations," "controls," and "influences." Additionally, the District objects to this Request insofar as it seeks the District's legal conclusions.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents identified after a reasonable search that are sufficient to show the District's relationship to the Police and Firefighters Retirement and Relief Board as well as the duties and responsibilities of the Police and Firefighters Retirement and Relief Board.

**Request No. 39:** All Documents Concerning Accommodation requests by former MPD officers Dominic Ihejirkia, Marcus Smith, Virginia Dineen, and Richard Duranne.

**Response:** The District objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks "all" documents when many documents are likely to have the exact same information.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to this Request that are identified after a reasonable search.

**Request No. 40:** All Documents Concerning the matters listed in Exhibit C to Defendants' First Responses and Objections to Plaintiffs' First Set of Interrogatories.

**Response:** The District objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks "all" documents when many documents are likely to have the exact same information.

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to this Request that are identified after a reasonable search.

**Request No. 41:** Monthly reports from the Police and Fire Clinic to MPD Concerning disability retirement referrals pending before the Retirement Board.

**Response:** The District objects to this Request as overly broad, unduly burdensome, cumulative, and not proportional to the needs of the case because the District has already provided plaintiffs with the information sought in this Request through its responses to plaintiffs' interrogatories. The District also object to this Request as vague and ambiguous as to "[m]onthly reports," "referrals," and "pending."

Subject to the foregoing objections, and to the extent not previously produced or produced in response to a different Request, the District will produce non-privileged, non-confidential documents responsive to this Request that are identified after a reasonable search.

**Request No. 42:** All Documents Concerning Job Analyses performed for any MPD Police Officer Position during the Class Period.

**Response**: At plaintiffs' request, the District agreed to bifurcate discovery. The Parties are currently in class discovery [33]. In support of plaintiffs' claim that certification of a class is justified under Federal Rule of Civil Procedure 23, plaintiffs allege in the Second Amended Complaint that (i) "[c]ommon questions … predominate … such as whether Defendants have a policy or practice that forces disability retirement and denies accommodations," Second Am. Compl. ¶ 89 [28]; (ii) "Defendants engaged in a common course of conduct based on their adoption and application of the MPD Forded Retirement policy or practice and the reasonable accommodation policy or practice that gives rise to the legal rights sought to be enforced by Plaintiffs," *id*. ¶ 90; (iii) "all Class (and Subclass) members were comparably injured through Defendants' uniform and discriminatory application of their Forced Retirement Policy and failures to provide reasonable accommodations of reassignment, job restructuring, and extended leave," *id*. ¶ 91; and (iv) "common issues … predominate … because proof of Defendants' common systemic policy of civil rights violations will provide the common proof to establish liability against Defendants," *id*. ¶ 94.

The District objects to this Request as not relevant to plaintiffs' motion for class certification, unduly burdensome, not proportional to the needs of the case, and cumulative of prior requests. Plaintiffs have already requested more than 15 subcategories of documents concerning potential Class and Subclass members. *See* No. 7, Pls.' First Set of Requests for Production of Documents. Among other documents, the District has already produced the orders and decisions

of the Retirement Board for the potential Class and Subclass members in addition to files relating to reasonable accommodation requests made by the potential class members. At plaintiffs' request, the District is also in the process of reviewing emails sent to or received by potential class members from MPD's ADA Coordinators.

Given the associated burden, the discovery that the District has already provided to plaintiffs, and its lack of relevance, the requested additional discovery concerning Job Analyses is not proportional to the needs to the case. The District will not produce any documents in response to this Request.

**Request No. 43:** All Documents Concerning Job Analyses performed for all open and vacant jobs within MPD and the DC Government in which MPD Police Officers could have performed.

**Response**: At plaintiffs' request, the District agreed to bifurcate discovery. The Parties are currently in class discovery [33]. In support of plaintiffs' claim that certification of a class is justified under Federal Rule of Civil Procedure 23, plaintiffs allege in the Second Amended Complaint that (i) "[c]ommon questions … predominate … such as whether Defendants have a policy or practice that forces disability retirement and denies accommodations," Second Am. Compl. ¶ 89 [28]; (ii) "Defendants engaged in a common course of conduct based on their adoption and application of the MPD Forded Retirement policy or practice and the reasonable accommodation policy or practice that gives rise to the legal rights sought to be enforced by Plaintiffs," *id.* ¶ 90; (iii) "all Class (and Subclass) members were comparably injured through Defendants' uniform and discriminatory application of their Forced Retirement Policy and failures to provide reasonable accommodations of reassignment, job restructuring, and extended leave," *id.* ¶ 91; and (iv) "common issues … predominate … because proof of Defendants' common

systemic policy of civil rights violations will provide the common proof to establish liability against Defendants," *id*. ¶ 94.

The District objects to this Request as not relevant to plaintiffs' motion for class certification, unduly burdensome, not proportional to the needs of the case, and cumulative of prior requests. Plaintiffs have already requested more than 15 subcategories of documents concerning potential Class and Subclass members. *See* No. 7, Pls.' First Set of Requests for Production of Documents. Among other documents, the District has already produced the orders and decisions of the Retirement Board for the potential Class and Subclass members in addition to files relating to reasonable accommodation requests made by the potential class members. At plaintiffs' request, the District is also in the process of reviewing emails sent to or received by potential class members from MPD's ADA Coordinators. Further, responding to this Request would require the District to canvass every District agency to identify every job opening and then conduct an individualized analysis of that opening in an attempt to determine whether the vague and ambiguous "MPD Police Officer" could have performed the required duties.

Given the associated burden, the discovery that the District has already provided to plaintiffs, and its lack of relevance, the requested additional discovery concerning Job Analyses is not proportional to the needs to the case. The District will not produce any documents in response to this Request.

**Request No. 44:** All Documents Concerning the KSAs necessary or desired to perform any MPD Police Officer position, including any Limited-Duty position. This Request includes but is not limited to the KSAs evaluated in any test, interview process, or hiring procedure.

**Response:** The District objects to this Request as overly broad, unduly burdensome, and cumulative as it seeks "all" documents when many documents are likely to have the exact same information. The District further objects to this Request as overly broad and unduly burdensome

insofar as it seeks information not relevant to any claim or defense in this case. The District also objects to this Request as vague and ambiguous as to the terms "necessary," desired," "evaluated," "test," "interview process," and "hiring procedure."

Based on the foregoing objections and plaintiffs' RFP No. 31, which seeks "[d]ocuments sufficient to show the minimum qualifications, requirements, and/or skills that all MPD police officers must possess to serve as an MPD police officer," the District will not produce additional documents in response to this Request.

**Request No. 45:** All Performance Appraisal Forms for MPD Police Officer positions implemented during the Class Period.

**Response:** At plaintiffs' request, the District agreed to bifurcate discovery. The Parties are currently in class discovery [33]. In support of plaintiffs' claim that certification of a class is justified under Federal Rule of Civil Procedure 23, plaintiffs allege in the Second Amended Complaint that (i) "[c]ommon questions … predominate … such as whether Defendants have a policy or practice that forces disability retirement and denies accommodations," Second Am. Compl. ¶ 89 [28]; (ii) "Defendants engaged in a common course of conduct based on their adoption and application of the MPD Forded Retirement policy or practice and the reasonable accommodation policy or practice that gives rise to the legal rights sought to be enforced by Plaintiffs," *id.* ¶ 90; (iii) "all Class (and Subclass) members were comparably injured through Defendants' uniform and discriminatory application of their Forced Retirement Policy and failures to provide reasonable accommodations of reassignment, job restructuring, and extended leave," *id.* ¶ 91; and (iv) "common issues … predominate … because proof of Defendants' common systemic policy of civil rights violations will provide the common proof to establish liability against Defendants," *id.* ¶ 94.

The District objects to this Request as not relevant to plaintiffs' motion for class certification, unduly burdensome, not proportional to the needs of the case, and cumulative of prior requests. Plaintiffs have already requested more than 15 subcategories of documents concerning potential Class and Subclass members. *See* No. 7, Pls.' First Set of Requests for Production of Documents. Among other documents, the District has already produced the orders and decisions of the Retirement Board for the potential Class and Subclass members in addition to files relating to reasonable accommodation requests made by the potential class members. At plaintiffs' request, the District is also in the process of reviewing emails sent to or received by potential class members from MPD's ADA Coordinators.

Given the associated burden, the discovery that the District has already provided to plaintiffs, and its lack of relevance, the requested additional discovery concerning Performance Appraisal Forms is not proportional to the needs to the case. The District will not produce any documents in response to this Request.

**Request No. 46:** All Documents Concerning the validation of any hiring procedure used in connection with the hiring, promotion, or compensation of MPD Police Officer roles, including but not limited to job announcements, job descriptions, civil service exam notices, training materials, and all other Documents that contain the standards or factors for which MPD Police Officer candidates are assessed and evaluated in the selection process.

**Response:** At plaintiffs' request, the District agreed to bifurcate discovery. The Parties are currently in class discovery [33]. In support of plaintiffs' claim that certification of a class is justified under Federal Rule of Civil Procedure 23, plaintiffs allege in the Second Amended Complaint that (i) "[c]ommon questions … predominate … such as whether Defendants have a policy or practice that forces disability retirement and denies accommodations," Second Am. Compl. ¶ 89 [28]; (ii) "Defendants engaged in a common course of conduct based on their adoption and application of the MPD Forded Retirement policy or practice and the reasonable

accommodation policy or practice that gives rise to the legal rights sought to be enforced by Plaintiffs," *id*. ¶ 90; (iii) "all Class (and Subclass) members were comparably injured through Defendants' uniform and discriminatory application of their Forced Retirement Policy and failures to provide reasonable accommodations of reassignment, job restructuring, and extended leave," *id*. ¶ 91; and (iv) "common issues … predominate … because proof of Defendants' common systemic policy of civil rights violations will provide the common proof to establish liability against Defendants," *id*. ¶ 94.

The District objects to this Request as not relevant to plaintiffs' motion for class certification, unduly burdensome, not proportional to the needs of the case, and cumulative of prior requests. Plaintiffs have already requested more than 15 subcategories of documents concerning potential Class and Subclass members. *See* No. 7, Pls.' First Set of Requests for Production of Documents. Among other documents, the District has already produced the orders and decisions of the Retirement Board for the potential Class and Subclass members in addition to files relating to reasonable accommodation requests made by the potential class members. At plaintiffs' request, the District is also in the process of reviewing emails sent to or received by potential class members from MPD's ADA Coordinators. Further, the District objects to this Request as vague and ambiguous as to the terms "validation," "hiring procedure," and "selection process."

Given the associated burden, the discovery that the District has already provided to plaintiffs, and its lack of relevance, the requested additional discovery concerning the hiring of MPD officers is not proportional to the needs to the case. The District will not produce any documents in response to this Request.

**Request No. 47:** All Job Evaluations conducted at MPD since its inception used to determine the pay rates, pay structures, and/or pay grades of all jobs at MPD.

**Response:** At plaintiffs' request, the District agreed to bifurcate discovery. The Parties are currently in class discovery [33]. In support of plaintiffs' claim that certification of a class is justified under Federal Rule of Civil Procedure 23, plaintiffs allege in the Second Amended Complaint that (i) "[c]ommon questions … predominate … such as whether Defendants have a policy or practice that forces disability retirement and denies accommodations," Second Am. Compl. ¶ 89 [28]; (ii) "Defendants engaged in a common course of conduct based on their adoption and application of the MPD Forded Retirement policy or practice and the reasonable accommodation policy or practice that gives rise to the legal rights sought to be enforced by Plaintiffs," *id*. ¶ 90; (iii) "all Class (and Subclass) members were comparably injured through Defendants' uniform and discriminatory application of their Forced Retirement Policy and failures to provide reasonable accommodations of reassignment, job restructuring, and extended leave," *id*. ¶ 91; and (iv) "common issues … predominate … because proof of Defendants' common systemic policy of civil rights violations will provide the common proof to establish liability against Defendants," *id*. ¶ 94.

The District objects to this Request as not relevant to plaintiffs' motion for class certification, unduly burdensome, not proportional to the needs of the case, and cumulative of prior requests. Plaintiffs have already requested more than 15 subcategories of documents concerning potential Class and Subclass members. *See* No. 7, Pls.' First Set of Requests for Production of Documents. Among other documents, the District has already produced the orders and decisions of the Retirement Board for the potential Class and Subclass members in addition to files relating to reasonable accommodation requests made by the potential class members. At plaintiffs' request, the District is also in the process of reviewing emails sent to or received by potential class members from MPD's ADA Coordinators.

Given the associated burden, the discovery that the District has already provided to plaintiffs, and its lack of relevance, the requested additional discovery concerning Job Evaluations is not proportional to the needs to the case. The District will not produce any documents in response to this Request.

Dated: January 24, 2022.

Respectfully submitted,

KARL A. RACINE
Attorney General for Defendants of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

*/s/ Micah Bluming*
MICAH BLUMING [1618961]
RICHARD P. SOBIECKI [500163]
Assistant Attorneys General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
(202) 724-7272
micah.bluming@dc.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that, on January 24, 2022, a copy of Defendants' Responses and Objections to Plaintiffs' Second Request for Production of Documents, was served by electronic mail (by consent per Fed. R. Civ. P. 5(b)(2)(E)) on:

Jamie Strawbridge, Esq.
Andrew Levy, Esq.
Eve Hill, Esq.
BROWN, GOLDSTEIN & LEVY, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
jstrawbridge@browngold.com
adl@browngold.com
ehill@browngold.com

Ellen Eardley, Esq.
Cyrus Mehri, Esq.
Desireé Langley, Esq.
Mehri & Skalet, PLLC
1250 Connecticut Ave., NW, Suite 300
Washington, DC 20036
eeardley@findjustice.com
cmehri@findjustice.com
dlangley@findjustice.com

*/s/ Micah Bluming*
MICAH BLUMING [1618961]
Assistant Attorney General