UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVE PAPPAS, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.:   19-2800 (RC) |
| | : | |
| v. | : | Re Document No.:   86 |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR NOTICE

**I. INTRODUCTION**

Plaintiffs, a certified class of current and former D.C. Metropolitan Police Department officers, are suing Defendants alleging that Defendants violated the Americans with Disabilities Act. Plaintiffs move this Court to issue an Order directing that notice be sent to members of the class certified in this case informing class members that this case is proceeding for injunctive relief and that, if class members seek other relief, class members must take additional action. *See generally* Pls.' Mot. Notice, ECF No. 86. Plaintiffs also ask this Court to apply the doctrine of vicarious exhaustion of administrative remedies to all members of the class who intervene in this case. *See id.* at 4. In response, Defendants contend that providing class members with notice is costly and unnecessary and that applying the doctrine of vicarious exhaustion on a class-wide basis is inappropriate. *See* Defs.' Opp'n Mot. Notice, ECF No. 88.

**II. BACKGROUND**

The Court assumes familiarity with the factual and procedural background related in *Pappas v. Dist. Columbia* ("*Pappas I*"), 513 F. Supp. 3d 64, 74–77 (D.D.C. 2021) and *Pappas v.*

*Dist. Columbia* ("*Pappas II*"), No. 19-cv-2800, 2024 WL 1111298, at *1–2 (D.D.C. Mar. 14, 2024). As relevant here, in *Pappas II*, the Court denied Plaintiffs' motion to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(3) but granted Plaintiffs' motion to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(2). *See Pappas II*, 2024 WL 1111298, at *1, *10–16.

Now that a 23(b)(2) class has been certified, Plaintiffs move the Court to issue an order directing that "court-approved notice [be sent] to members of the certified class of their right to pursue their damages claims individually." Pls.' Mot. Notice at 1. Plaintiffs also ask the Court to hold, and inform class members, that "they need not file their own charge of discrimination with the U.S. Equal Employment Opportunity Commission to challenge MPD's involuntary retirement policy," because class members' claims have been vicariously exhausted by named Plaintiff Pappas. *Id.* at 4. In response, Defendants argue that providing notice to absent class members is both costly and unnecessary under governing law. *See* Defs.' Opp'n Mot. Notice at 1–2. Defendants also argue that applying the doctrine of vicarious exhaustion of administrative remedies to all class members who intervene would be inappropriate given that intervening class members may have issues in their individual cases that make their claims distinguishable from the claims that were exhausted by Plaintiff Pappas, and therefore ineligible for vicarious exhaustion. *See id.* at 7–8.

### III.  ANALYSIS

#### A.  Class Notice

Under Federal Rule of Civil Procedure 23(c), "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class" whereas for classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is

2

practicable under the circumstances." Fed. R. Civ. P. 23(c).  Rule 23(c) therefore makes notice (and opt out) discretionary for (b)(1) and (b)(2) classes. *Id.*; *see also Eubanks v. Billington*, 110 F.3d 87, 94 (D.C. Cir. 1997) (holding that "the language of Rule 23 is sufficiently flexible to afford district courts discretion to grant opt-out rights in (b)(1) and (b)(2) class actions"); *In re Monumental Life Ins. Co.*, 365 F.3d 408, 417 (5th Cir. 2004) ("A district court is empowered by rule 23(d)(2) to provide notice and opt-out for any class action."); *Pate v. United States*, 328 F. Supp. 2d 62, 70 (D.D.C. 2004) ("Rule 23(b)(2) has been interpreted, consistent with due process, as leaving notice to the discretion of the trial court, especially where the defendant's alleged actions have affected the plaintiff class in generally the same manner.").

Although notice is not required for classes certified pursuant to Rule 23(b)(2), courts have approved of notice in cases where classes were certified under Rule 23(b)(2).  *See, e.g., Keepseagle v. Johanns*, 236 F.R.D. 1, 4 (D.D.C. 2006) (providing for opt out in a certified (b)(2) class alleging racial discrimination in the processing of USDA loan and benefits applications); *see also McReynolds v. Richards-Cantave*, 588 F.3d 790, 800 (2d Cir. 2009) ("The right of a class member to opt-out in Rule 23(b)(1) and (b)(2) actions is not obvious on the face of the rule; however, 'the language of Rule 23 is sufficiently flexible to afford district courts discretion to grant opt-out rights in (b)(1) and (b)(2) class actions.'" (quoting *Eubanks*, 110 F.3d at 94)); *LaFlamme v. Carpenters Local No. 370 Pension Plan*, 212 F.R.D. 448, 459 (N.D.N.Y. 2003) ("Even though due process is assumed to be satisfied when a class is certified under Rule 23(b)(2), apprising prospective class members of this Order and the general legal issues involved in this case and, most importantly, that their rights will be affected by resolution of this case, seems to be a reasonable measure unharmful to either side.").  "If the court decides that notice is appropriate, it also need not require notice to be made in the same manner as in a (b)(3) action by

3

individual notice, because there is no right to request exclusion from (b)(1) and (b)(2) classes." 1 McLaughlin on Class Actions § 5:21 (20th ed. 2023).

Providing notice and opt-out rights to absent class members is appropriate where doing so is consistent with "basic fairness." *Eubanks*, 110 F.3d at 99. In particular, providing class members with notice and a chance to opt out of the class must be consistent with "the range of fairness considerations that may enter into" the determination of class notice. *Id.* at 98. These considerations can include whether providing notice and allowing opt out rights has the "potential [to] prejudice [] the prospects for classwide recovery" and whether the "monetary claims of the class members [are] insufficiently cohesive to warrant collective treatment." *Id.*; *see also Cobell v. Salazar*, No. 96-cv-01285, 2011 WL 13248995, at *1 (D.D.C. Sept. 13, 2011) (explaining that providing for notice and opt out rights is appropriate where "necessary to facilitate the fair and efficient conduct of the action because the assumption of cohesiveness underlying certification of a (b)(2) class is inapplicable to the individual class member's claims for monetary damages or if the court determines that particular plaintiff's claims are unique or sufficiently distinct from the claims of the class as a whole").

Courts in this District have also explained that procedural fairness requires "some sort of notice" where "individual [23(b)(2) class] members could [otherwise] have . . . the opportunity to add [other] claims to the suit or to opt-out of the class to pursue their claims for monetary relief in a separate action." *Pate*, 328 F. Supp. 2d at 73. This is so because, if a class member who could otherwise bring a damages claim does not opt out of the 23(b)(2) class, they may later be barred "from ever re-litigating the same claims or the issues pertinent to [the 23(b)(2) class] judgment." *Id.* at 69; *see also Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) (explaining that "[a] judgment in favor of the plaintiff class extinguishes their claim,

which merges into the judgment granting relief," while a "judgment in favor of the defendant extinguishes the claim, barring a subsequent action on that claim"); *but see Norris v. Slothouber*, 718 F.2d 1116, 1117 (D.C. Cir. 1983) (explaining that "[a] suit for damages is not precluded by reason of the plaintiff's membership in a class for which no monetary relief is sought").

Here, providing absent class members with notice is consistent with due process principles and basic fairness. Because the Court certified only a 23(b)(2) class, damages claims are unavailable to the class in this case but there is a risk that after this case concludes, absent class members will be barred by res judicata in future individual suits—if they were to file individual suits—from pursuing damages claims. *McAdams v. Robinson*, 26 F.4th 149, 161 (4th Cir. 2022) (explaining that "[i]t is well settled that a court adjudicating a class action cannot predetermine the res judicata effects of its own judgment; that can only be determined in a subsequent suit" (quoting *Pelt v. Utah*, 539 F.3d 1271, 1285 (10th Cir. 2008)); *Harrison v. Lewis*, 559 F. Supp. 943, 947 (D.D.C. 1983) ("In general, the court conducting a class action cannot predetermine the res judicata effect of its judgment."). Indeed, it appears that Plaintiffs seek to provide notice to absent class members to protect them from the potential claim preclusive effect of this litigation. *See* Pls.' Mot. Notice at 3 ("[N]otice is appropriate because it will protect the class members' financial interests and rights.").

Although "notice is not necessary to bind absent class members in a 23(b)(2) class action seeking only injunctive and declaratory relief, due process does require notice before the individual monetary claims of absent class members may be barred." *Pate*, 328 F. Supp. 2d at 73–74 (quoting *Johnson v. Gen. Motors Corp.*, 598 F.2d 432, 433 (5th Cir. 1979)). Given the risk that a future court would bar absent class members' individual damages claims—if those class members were to seek damages in future individual suits—the Court believes that it is

5

consistent with due process to provide absent class members with notice and an opportunity to intervene or seek to opt out of the class certified in this case.  *C.f. id.* (holding that a plaintiff's claim was not barred by res judicata where plaintiff had no notice or chance to opt out of 23(b)(2) class).  Moreover, it does not appear that providing absent class members with notice has the "potential [to] prejudice [] the prospects for classwide recovery" because the class certified here is certified with respect to declaratory and injunctive relief that is capable of changing Defendants' conduct regardless of the number of class members.  *Eubanks*, 110 F.3d at 99.  Additionally, as the Court discussed in its earlier opinion, *see Pappas II*, 2024 WL 1111298, at *10–12, any "monetary claims of the class members were insufficiently cohesive to warrant collective treatment," which is why the Court did not certify a 23(b)(3) class, *Eubanks*, 110 F.3d at 99.

Given the fairness considerations at issue in this case, the Court concludes that providing the class with notice and informing class members of the need to intervene or opt out to preserve their rights to pursue individual relief is appropriate.  *See Keepseagle*, 236 F.R.D. at 5 (permitting class members to opt out of 23(b)(2) class where "forcing them to remain in th[e] class [would] rob them of a meaningful opportunity to present the merits of their individual claims." (quotation marks and citation omitted)).  Moreover, given the size of the class involved in this case, it does not appear that providing notice to the class will be particularly costly.  *See Pappas II*, 2024 WL 1111298 at * 3 (estimating size of class at 100 members).  The cost to Defendants of providing notice is also minimal here because "the representative plaintiff . . . bear[s] all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978), and Defendants have indicated that "[t]o the extent Defendants have contact information for the class

6

members, they are more than willing to provide it to Plaintiffs," Defs.' Opp'n Mot. Notice at 4; *see also* Pls.' Reply Supp. Mot. Notice at 1, ECF No. 89 ("Plaintiffs are asking defendants to provide names and addresses, which would not cost the District money."). The Court therefore concludes that providing notice to the class is appropriate.

The parties disagree about the wording of the class notice, and Defendants point to parts of Plaintiffs' proposed notice that, they say, are misleading. Accordingly, the Court directs the parties to meet and confer regarding what should be contained in the notice and how it should be sent to putative class members.[1] The parties will thereafter file a joint status report with a joint proposed notice attached.

## B. Vicarious Exhaustion of Administrative Remedies

Plaintiffs also request that the Court apply the doctrine of vicarious exhaustion of administrative remedies to the claims of all class members who intervene in this case—and include a statement to that effect in the notice. *See* Pls.' Mot. Notice at 4–5. The doctrine of vicarious exhaustion

> functions as an exception to the ordinary requirement that each plaintiff must have exhausted administrative remedies. It allows an individual to treat her claim as having been exhausted, notwithstanding her failure personally to have done so, if her claim and that of a person who did personally exhaust are so similar that it can fairly be said that no conciliatory purpose would be served by filing separate administrative claims.

---

[1] The Court observes that notice for a 23(b)(2) class need not "be made in the same manner as in a (b)(3) action," 1 McLaughlin on Class Actions § 5:21, and that email notice may be the most practical and cost effective form of notice in this case, *see* Advisory Committee Notes on 2018 Amendment, Fed. R. Civ. P. 23 ("[I]t may sometimes be true that electronic methods of notice, for example email, are the most promising."); Advisory Committee Notes on 2003 Amendment, Fed. R. Civ. P. 23 ("When the court does direct certification notice in a (b)(1) or (b)(2) class action, the discretion and flexibility established by subdivision (c)(2)(A) extend to the method of giving notice.").

*Barkley v. U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25, 34 (D.C. Cir. 2014) (cleaned up). As this Court has previously explained, "[v]icarious exhaustion is available only to parties whose claims are so similar to those asserted by the original plaintiff that no purpose would be served by requiring them to file independent charges." *Pappas I*, 513 F. Supp. 3d at 78 (quotation marks and citation omitted). "Thus, in order for vicarious exhaustion to apply, the original EEOC charge must: (1) put the employer-defendant on notice of all charges by the similarly situated plaintiff, and (2) provide the employer and the EEOC with an opportunity for administrative consolidation and resolution." *Id.* (quotation marks and citation omitted).

      Because the claims of class members who seek to intervene may require individualized determinations due to differences in their claims from that of Plaintiff Pappas, *see Pappas II*, 2024 WL 1111298, at *11 (denying certification of 23(b)(3) class given individualized determinations required for claims of individual class members), the Court cannot conclude *ex ante* that Plaintiff Pappas's EEO filing "could have put the EEOC or MPD on notice regarding [intervening class members'] claims, or provided the MPD and EEOC with an opportunity for administrative consolidation and resolution." *See Pappas I*, 513 F. Supp. 3d at 81. But such a conclusion would be required to apply the doctrine of vicarious exhaustion to the claims of all class members who seek to intervene. Thus, the Court will need to analyze the claims of class members who intervene individually to determine whether their claims are sufficiently similar to the Plaintiff Pappas's claims such that vicarious exhaustion applies. Accordingly, the Court will not grant Plaintiffs' motion to treat all intervening class members' claims as vicariously exhausted. *See Byrd v. District of Columbia*, 807 F. Supp. 2d 37, 63 (D.D.C. 2011) (explaining that purported similarity of claims in question must be "evaluated for whether the original filing performs the principal notice function of the EEOC filing requirement"). Rather, if any class

member seeks to intervene, the Court can address the issue of vicarious exhaustion of administrative remedies—if raised and relevant—at that time.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion (ECF No. 86) is **GRANTED** in part and **DENIED** in part.  The Parties shall meet and confer about the precise language of the notice and provide the Court with a status report proposing the notice's language on or before September 25, 2024; 14 days after the Court approves the notice, Defendants shall provide Class Counsel with the last-known mail and email addresses for all class members; 14 days after Class Counsel receive the addresses, Class Counsel shall send the notice to class members; and the deadline for absent class members to intervene in this case shall be 90 days after Class Counsel sends notice to the class members.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 29, 2024                                                                        RUDOLPH CONTRERAS
                                                                                                                   United States District Judge