UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVE PAPPAS, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.:   19-2800 (RC) |
| | : | |
| v. | : | Re Document No.:   99 |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**DENYING VINCENT HOPKINS'S MOTION TO INTERVENE**

**I.  INTRODUCTION**

Plaintiffs, a certified class of current and former D.C. Metropolitan Police Department officers, bring this action against Defendants, the District of Columbia and Pamela A. Smith,[1] in her official capacity as the Chief of Police of the D.C. Metropolitan Police Department, alleging that Defendants violated the Americans with Disabilities Act ("ADA").  Before the Court is a motion to intervene filed by Vincent Hopkins ("Hopkins"), who served in the D.C. Metropolitan Police Department until he was disability retired in March 2022.  For the reasons set forth below, the Court denies the motion to intervene.

**II.  BACKGROUND**

The Court assumes familiarity with the factual and procedural background related in *Pappas v. District of Columbia* ("*Pappas I*"), 513 F. Supp. 3d 64, 74–77 (D.D.C. 2021); *Pappas v. District of Columbia* ("*Pappas II*"), No. 19-2800, 2024 WL 1111298, at *1 (D.D.C. Mar. 14,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the current Chief of Police of the D.C. Metropolitan Police Department, Pamela A. Smith, is substituted as Defendant for the former Chief of Police, Robert J. Contee III.

2024); and *Pappas v. District of Columbia* ("*Pappas III*"), No. 19-2800, 2024 WL 3985366, at *1 (D.D.C. Aug. 29, 2024). In *Pappas II*, the Court denied Plaintiffs' motion to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(3), but granted Plaintiffs' motion to certify a class pursuant to Federal Rule of Civil Procedure 23(b)(2). *Pappas II*, 2024 WL 1111298, at *1, *10–16. The Court certified the following class:

> All current and former employees of Defendants who were employed as MPD sworn law enforcement officers at any time between December 9, 2014, and the date that class certification is granted who developed a physical or mental disability and were referred to the Police and Firefighters Retirement Relief Board ("Retirement Board") for disability retirement even though Defendants never determined their suitability for extended leave, job restructuring, and reassignment and who were disability retired or whose Retirement Board decision remains pending.

*Id.* at *2. On October 28, 2024, the Court entered a minute order directing that motions to intervene in this matter should be filed by January 23, 2025. *See* Minute Order, *Pappas v. District of Columbia*, No. 19-2800 (D.D.C. Oct. 28, 2024). Hopkins filed his motion to intervene on January 22, 2025. *See* Hopkins's Mot. Intervene at 1, ECF No. 99.

According to the exhibit Hopkins attached to his motion, Hopkins began working for Defendants on March 22, 2004. Ex. 1 to Hopkins's Mot. Intervene ("Ex. 1") at 3, ECF No. 99. On August 11, 2020, Defendants placed Hopkins on sick leave "due to a family member testing positive for COVID-19." *Id.* at 4. Hopkins tested positive for COVID-19 three days later. *Id.* Over the coming months, Hopkins experienced symptoms including "nausea," "body aches," "fatigue," and "general body pain," and on October 8, 2020, Hopkins was diagnosed with "post-viral COVID syndrome." *Id.* On August 19, 2021, the Retirement Board "received a memorandum from the Police and Fire Clinic . . . recommending that Officer Hopkins be considered for disability retirement because he had been in a less than full duty status for more than 172 days." *Id.* at 2. On January 13, 2022, the Retirement Board held a disability retirement

hearing for Hopkins, which resulted in a "decision [to] retir[e] Officer Hopkins on disability due to ongoing symptoms related to Post-COVID Syndrome." *Id.*

Hopkins, proceeding *pro se*, moves to intervene in this class action. Hopkins's Mot. Intervene at 1. Hopkins has not specified whether he seeks to intervene as of right under Federal Rule of Civil Procedure 24(a) or whether he seeks permissive intervention under Rule 24(b). Defendants oppose the motion, arguing that Hopkins did not comply with the procedural requirements of Rule 24(c), that Hopkins has not demonstrated that intervention is appropriate, and that Hopkins has not demonstrated that his claims are exhausted. Defs.' Opp'n to Hopkins's Mot. Intervene at 3–7, ECF No. 100.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 24 establishes two paths to intervention: intervention as of right and permissive intervention. Fed. R. Civ. P. 24(a), (b). Under Rule 24(a)—intervention as of right—a court must allow an applicant to intervene when (1) "[o]n timely motion," it (2) "claims an interest relating to the property or transaction that is the subject of the action" and (3) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," (4) "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a); *see also Jones v. Prince George's Cnty.*, 348 F.3d 1014, 1017 (D.C. Cir. 2003) (summarizing the elements of Rule 24(a) as "timeliness, interest, impairment of interest, and adequacy of representation"). Alternatively, under Rule 24(b)—permissive intervention—a court has the discretion to allow an applicant to intervene if he provides "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Equal Emp. Opportunity Comm'n v. Nat'l Child.'s Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (citation

3

omitted); Fed. R. Civ. P. 24(b)(1).  In addition to satisfying the requirements of Rule 24(a) or (b), a motion for intervention must "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).

A *pro se* plaintiff's pleading is held "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A court must consider all of a *pro se* litigant's filings to determine if they meet the requirements of a specific motion.  *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151 (D.C. Cir. 2015) (reversing the district court because it failed to consider allegations found in a *pro se* plaintiff's opposition to a motion to dismiss).  However, a court does not have to "cull through every filing of a *pro se* litigant to preserve a defective complaint."  *Richardson v. United States*, 193 F.3d 545, 549 (D.C. Cir. 1999).  Under the liberal *pro se* standard, dismissal of a motion is appropriate if the movant fails to provide a factual or legal basis for the requested action.  *See Strunk v. Obama*, 880 F. Supp. 2d 1, 3 (D.D.C. 2011) (citations omitted) ("Even under a liberal *pro se* standard, dismissal is appropriate where the plaintiff's complaint provides no factual or legal basis for the requested relief.").

## IV.  ANALYSIS

To intervene under Rule 24, a putative intervenor's motion "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  Hopkins's motion does not state his grounds for intervention and is not accompanied by any pleading—e.g., a proposed complaint.  *See* Hopkins's Mot. Intervene at 1–2.  Other courts in this district have "permit[ted] a degree of flexibility with [the] technical requirements" of Rule 24(c) "where . . . the position of the movant

is apparent" from other filings. *New England Anti-Vivisection Soc'y v. U.S. Fish & Wildlife Serv.*, No. 16-149, 2016 WL 10839560, at *1 (D.D.C. Apr. 29, 2016) (quoting *Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002)). In the current motion, however, Hopkins's position is not so apparent, even when considering all of Hopkins's filings together. *See* Hopkins's Mot. Intervene at 1–2; *see generally* Ex. 1. By not stating his grounds for intervention and accompanying his motion with a pleading, Hopkins failed to comply with the requirements of Rule 24(c).

Additionally, Hopkins's motion fails to provide sufficient information for the Court to determine if intervention is appropriate. "The purpose of [Rule 24(c)] . . . is to enable the court to determine whether the applicant has the right to intervene, and, if not, whether permissive intervention should be granted." *MGM Glob. Resorts Dev., LLC v. U.S. Dep't Interior*, No. 19-2377, 2020 WL 5545496, at *6 (D.D.C. Sept. 16, 2020) (quoting *Miami Cty. Nat'l Bank Paola v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941)). Here, Hopkins does not "claim[] an interest relating to the property or transaction that is the subject of the action," as required to intervene as of right. Fed. R. Civ. P. 24(a)(2); *see* Hopkins's Mot. Intervene at 1–2. Further, Hopkins does not identify "an independent ground for subject matter jurisdiction" or make any claim that "shares with the main action a common question of law or fact," both of which are required for permissive intervention. *Nat'l Child.'s Ctr.*, 146 F.3d at 1046; Fed. R. Civ. P. 24(b)(3). Nor does he identify any federal statutes that would grant him an unconditional or conditional right to intervene. Fed. R. Civ. P. 24(a)(1), (b)(1)(A); *see* Hopkins's Mot. Intervene at 1–2.

Finally, Hopkins's motion fails to provide sufficient information to allow the Court to determine whether Hopkins's claims were exhausted. Generally, plaintiffs suing under the ADA in federal court "must exhaust their administrative remedies by filing an EEOC [Equal

5

Employment Opportunity Commission] charge and giving [the relevant] agency a chance to act on it." *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997). The vicarious exhaustion exception, however, "allows non-filing parties to join the suit of another similarly situated plaintiff who did file an administrative complaint against the same defendant." *Brooks v. Dist. Hosp. Partners, L.P.*, 606 F.3d 800, 804 (D.C. Cir. 2010). The purported similarity of the claims in question must be "evaluated for whether the original filing performs the principal notice function of the EEOC filing requirement." *Byrd v. District of Columbia*, 807 F. Supp. 2d 37, 63 (D.D.C. 2011). Because vicarious exhaustion is a fact-specific endeavor, in this case "the Court will need to analyze the claims of class members who intervene individually to determine whether their claims are sufficiently similar to the Plaintiff Pappas's claims such that vicarious exhaustion applies." *Pappas III*, 2024 WL 3985366, at *4. Hopkins's filings do not support that he administratively exhausted his claims or that his claims are sufficiently similar to Plaintiff Pappas's claims such that vicarious exhaustion applies. *See* Hopkins's Mot. Intervene at 1–2. Because Hopkins failed to comply with Rule 24(c)'s requirements and failed to provide sufficient information to allow the Court to analyze whether intervention is appropriate and whether his claims were exhausted, the Court denies his motion. *See, e.g.*, *Ying Qing Lu v. Lezell*, No. 11-1815, 2012 WL 1929904, at *1–2 (D.D.C. May 29, 2012) (denying motion to intervene for failure to comply with Rule 24(c) and failure to provide sufficient information).[2]

---

[2] The Court suspects that Hopkins's skeletal motion was submitted to assert his interest in participating in the class—for which intervention is not necessary—rather than seeking to intervene to assert his own claims for damages—for which certain actions on Hopkins's part are necessary. *See* Updated Notice to Class at 4, ECF No. 97-2 (explaining that if a party wants to pursue money damages, he should consult his own lawyer, file a motion to intervene or separate lawsuit, and determine whether he needs to file his own administrative charge with the EEOC or DC Office of Human Rights or can "rely on the [charge] already filed in this case").

## V.  CONCLUSION

For the foregoing reasons, Hopkins's Motion to Intervene (ECF No. 99) is **DENIED** without prejudice.  The Court will grant Hopkins leave to file an amended motion on or before August 18, 2025, that cures the deficiencies identified by the Court in this Memorandum Opinion.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  July 18, 2025                                                                    RUDOLPH CONTRERAS
                                                                                                          United States District Judge