# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEVE PAPPAS, *et al.*,                          :
                                                 :
     Plaintiffs,                           :
                                                 :          Civil Action No.:      19-2800 (RC)
     v.                                    :
                                                 :          Re Document No.:      109
DISTRICT OF COLUMBIA, *et al.*,                  :
                                                 :
     Defendants.                           :

## MEMORANDUM OPINION

### GRANTING VINCENT HOPKINS'S AMENDED MOTION TO INTERVENE

## I. INTRODUCTION

Plaintiffs, a certified class of current and former D.C. Metropolitan Police Department ("MPD") officers, bring this action against Defendants, the District of Columbia and Jeffery W. Carroll,[1] in his official capacity as the MPD Chief of Police. Plaintiffs allege that Defendants violated Title I of the Americans with Disabilities Act of 1990 ("ADA") and Section 504 of the Rehabilitation Act ("Section 504") by implementing a disability retirement policy without providing reasonable accommodations. Before the Court is an amended motion to intervene filed *pro se* by Vincent Hopkins ("Mr. Hopkins"), who served in the MPD until he was disability retired in March 2022. For the reasons set forth below, the Court grants Mr. Hopkins's motion to intervene for the purpose of seeking individual monetary damages.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Carroll has been substituted for his predecessor.

## II. BACKGROUND

The Court assumes familiarity with the factual and procedural background related in *Pappas v. District of Columbia* ("*Pappas I*"), 513 F. Supp. 3d 64, 74–77 (D.D.C. 2021); *Pappas v. District of Columbia* ("*Pappas II*"), No. 19-cv-2800, 2024 WL 1111298 (D.D.C. Mar. 14, 2024); *Pappas v. District of Columbia* ("*Pappas III*"), No. 19-cv-2800, 2024 WL 3985366 (D.D.C. Aug. 29, 2024); and *Pappas v. District of Columbia* ("*Pappas IV*"), No. 19-cv-2800, 2025 WL 2023211 (D.D.C. July 18, 2025).  In *Pappas II*, the Court granted Plaintiffs' motion to certify a class and two subclasses pursuant to Federal Rule of Civil Procedure 23(b)(2).  2024 WL 1111298, at *16.

In *Pappas III*, the Court required that absent class members be provided with notice, despite Rule 23(c)(2) not requiring notice for Rule 23(b)(2) classes.  *See* 2024 WL 3985366, at *2–3.  In doing so, the Court reasoned that "[g]iven the risk that a future court would bar absent class members' individual damages claims—if those class members were to seek damages in future individual suits—the Court believes that it is consistent with due process to provide absent class members with notice and an opportunity to intervene or seek to opt out of the class certified in this case." *Id.* at *3.  The Court set a deadline of January 23, 2025, to file motions to intervene.  Min. Order (D.D.C. Oct. 28, 2024).

On January 22, 2025, Mr. Hopkins, proceeding *pro se*, timely filed his motion to intervene.  Hopkins's Mot. Intervene, ECF No. 99.  Because Mr. Hopkins's motion did not state his grounds for intervention and was not accompanied by a proposed complaint, the Court denied his motion to intervene without prejudice and with leave to file an amended motion curing the deficiencies identified by the Court.  *Pappas IV*, 2025 WL 2023211, at *3.

On August 19, 2025, Mr. Hopkins filed an amended motion for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b), along with a proposed complaint. Hopkins's Am. Mot. Intervene ("Mot. Intervene"), ECF No. 109; Proposed Compl. ("Compl."), ECF No. 109-1. Mr. Hopkins asserts that he is a member of one of the subclasses certified in *Pappas II*, which includes "all Class Members who were referred for disability retirement between July 1, 2017 and the date that class certification [was] granted and who were disability retired or whose Retirement Board decision remains pending." Compl. at 2–3; *Pappas II*, 2024 WL 1111298, at *2. As set forth in his proposed complaint, Mr. Hopkins was placed on sick leave in August 2020 when a family member tested positive for COVID-19, after which he contracted COVID-19 and later developed "post-viral COVID syndrome, with ongoing fatigue and pain." Compl. at 4. In August 2021, Mr. Hopkins was referred for disability retirement and ultimately disability retired pursuant to an MPD rule that forcibly retired employees with disabilities who spent 172 cumulative workdays over a two-year period in less than full-duty status. *Id.* Like Plaintiffs, Mr. Hopkins alleges that MPD's rule violates the ADA and Section 504, and seeks to intervene to request declaratory, injunctive, and monetary relief. *Id.* at 4–5. Defendants oppose Mr. Hopkins's motion, arguing that his intervention would cause undue delay and confusion. Defs.' Opp'n Mot. Intervene ("Defs.' Opp'n"), ECF No. 110.

### III.  LEGAL STANDARD

"[P]ermissive intervention is an inherently discretionary enterprise" with "wide latitude afforded to district courts." *EEOC v. Nat'l Child. Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). A nonparty seeking to intervene must ordinarily present: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Id.*; *see* Fed. R. Civ. P. 24(b). A motion for

intervention must also "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). A putative intervenor's *pro se* status "does not relieve him of [the] obligation" to satisfy these prerequisites. *United States v. Facebook, Inc.*, 456 F. Supp. 3d 105, 114 n.9 (D.D.C. 2020) (citing *Hedrick v. FBI*, 216 F. Supp. 3d 84, 93 (D.D.C. 2016)).

Further, under Rule 24(b)(3), this Court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Courts have discretion to deny intervention if it would "unduly expand the controversy or otherwise lead to improvident delay." *Nuesse v. Camp*, 385 F.2d 694, 706 (D.C. Cir. 1967). This Circuit has explained the "delay or prejudice" standard as "captur[ing] all the possible drawbacks of piling on parties," including "issue proliferation," "confusion," "extra cost," and "increased risk of error." *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 782 (D.C. Cir. 1997). In exercising its discretion, this Court may also consider "the nature and extent of the applicant's interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to . . . the just and equitable adjudication of the legal question presented." *Friends of Earth v. Haaland*, No. 21-cv-2317, 2022 WL 136763, at *2 (D.D.C. Jan. 15, 2022) (quoting *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 18 (D.D.C. 2010)). This discretion includes the authority to "place conditions on permissive interventions in order to minimize the delay and prejudice to the existing parties." *Nationwide Mut. Ins. Co. v. Nat'l REO Mgmt., Inc.*, 205 F.R.D. 1, 7 (D.D.C. 2000).

## IV.  ANALYSIS

The Court first analyzes whether Mr. Hopkins's amended motion to intervene satisfies Rule 24(b)(1) and (c)'s prerequisites, and then whether intervention would cause undue delay or prejudice the original parties.  Mr. Hopkins's amended motion to intervene and proposed pleading meets the requirements of subject matter jurisdiction, timeliness, and a common question of law or fact.  And allowing Mr. Hopkins to assert his individual claims for damages should not unduly delay proceedings in this case, especially where discovery is still ongoing. Accordingly, the Court grants Mr. Hopkins's motion to intervene to pursue individual damages.

### A.  Rule 24(b)(1) and (c)'s Requirements for Permissive Intervention

Mr. Hopkins's amended motion to intervene satisfies Rule 24(b)(1) and (c)'s prerequisites.  First, the Court has subject matter jurisdiction over Mr. Hopkins's claims.  Mr. Hopkins brings two claims under two federal statutes, the ADA and Section 504.  Compl. at 4–5. Thus, both claims present federal questions over which the Court has original jurisdiction.  *See* 28 U.S.C. § 1331.

Second, Defendants do not object to the timeliness of Mr. Hopkins's amended motion to intervene, and the Court sees no reason to find to the contrary.  *See* Defs.' Opp'n at 3.  Though "[t]imeliness is a threshold matter for all intervention inquiries," *Ctr. for Biological Diversity v. Raimondo*, No. 18-cv-112, 2021 WL 2823102, at *2 (D.D.C. July 7, 2021) (citing *Amador v. U.S. Dep't of the Interior*, 772 F.3d 901, 903 (D.C. Cir. 2014)), a determination as to the timeliness of intervention is left to the "sound discretion" of the district court, *NAACP v. New York*, 413 U.S. 345, 366 (1973).  A court does not require "timeliness for its own sake" but rather to prevent "potential intervenors from unduly disrupting litigation, to the unfair detriment of the existing parties."  *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014).  Mr. Hopkins filed his

first motion to intervene before the deadline set by the Court. *See* Min. Order (D.D.C. Oct. 28, 2024); Hopkins's Mot. Intervene, ECF No. 99. When denying that motion, the Court granted Mr. Hopkins leave to file an amended motion on or before August 18, 2025. *Pappas IV*, 2025 WL 2023211, at *3. On August 19, 2025, Mr. Hopkins filed his amended motion to intervene. ECF No. 109. The Court will excuse his one-day delay in the interest of deciding his motion on the merits and because Defendants do not fault him for the delay. *See* Defs.' Opp'n at 3 ("Hopkins then timely filed this amended motion to intervene."). Mr. Hopkins also certified that he served Defendants on August 18, 2025, within the deadline. Mot. Intervene at 3. These factors support that Defendants are not prejudiced by the Court's consideration of his amended motion.

Third, Mr. Hopkins's claims share with the "main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Mr. Hopkins's claims are based on the same MPD policy of involuntary disability retirement. Mot. Intervene at 3. The answers to the factual questions underpinning his claims would "resolve an issue on the merits that is in common with the claims of [Plaintiffs]." *Nat'l Child. Ctr., Inc.*, 146 F.3d at 1045. Because Mr. Hopkins and Plaintiffs raise nearly identical issues and appear to share similar legal positions, this element is satisfied. *See Nuesse*, 385 F.2d at 704.

In addition to the requirements of Rule 24(b)(1), Mr. Hopkins states his grounds for intervention and accompanies his motion with a proposed complaint. Compl.; Mot. Intervene at 1–2. Thus, Mr. Hopkins has complied with the procedural requirements of Rule 24(c). *See* Fed. R. Civ. P. 24(c).

**B.  Undue Delay or Prejudice**

Even if a putative intervenor satisfies Rule 24(b)'s other requirements, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights" when exercising its discretion.  Fed. R. Civ. P. 24(b)(3); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 351 n.4 (1983); *Nat'l Child. Ctr., Inc.*, 146 F.3d at 1048.  Defendants argue that Mr. Hopkins's intervention "will cause undue delay and confusion in the case."  Defs.' Opp'n at 4.  Though Mr. Hopkins does not explain whether he intended to intervene to seek declaratory and injunctive relief separate from the class, the Court is confident that by limiting the scope of Mr. Hopkins's intervention to his individual monetary damages, any delay would be negligible.  Thus, the Court grants Mr. Hopkins's motion to assert his claims for damages.

To avoid confusion, the Court will not permit Mr. Hopkins to intervene to seek declaratory and injunctive relief separate from the class.  Mr. Hopkins alleges that he is a member of the class, and it is not apparent from his filings that he seeks to assert separate claims for injunctive relief.  *See* Compl. at 3 ("Hopkins seeks to intervene as a member of Subclass 2— those referred for disability retirement between July 1, 2017 and the date class certification was granted.").  Mr. Hopkins makes no argument regarding the adequacy of the representation he is receiving as a class member from class counsel, Mehri & Skalet, PLLC and Brown, Goldstein & Levy, LLP.  *See NYC C.L.A.S.H., Inc. v. Carson*, No. 18-cv-1711, 2019 WL 2357534, at *3 (D.D.C. June 4, 2019) (denying permissive intervention because the intervenor's interest was "adequately represented" and "identical to the interest of plaintiffs").  In the event Mr. Hopkins was seeking to intervene to pursue declaratory and injunctive relief separate from the class, the Court agrees with Defendants' concerns that allowing Mr. Hopkins to intervene in that capacity

"would complicate the resolution of the class claim and undermine the purpose of the certification of a Rule 23(b)(2) class." *See* Defs.' Opp'n at 5.

This is especially true because the "key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)). Plaintiffs requested the following injunctive relief:

> A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of disability, including but not limited to the implementation of policies to restructure positions when needed to accommodate employees with disabilities, to provide extended leave when needed to accommodate employees with disabilities, and to identify vacant positions and reassign employees with disabilities to vacant positions for which they are qualified without competition for the position, when no accommodation is available in the current job;

> B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices.

Pls.' Third Am. Compl. at 19, ECF. No. 70. Mr. Hopkins's complaint does not appear to seek declaratory or injunctive relief that differs from the class. Because the Court certified a Rule 23(b)(2) class with the goal of providing relief to class members through a single injunction or declaratory judgment, permitting Mr. Hopkins's intervention would diminish judicial economy and may potentially disrupt resolution of the class claims. *See Pappas II*, 2024 WL 1111298, at *16 ("If Plaintiffs prevail in obtaining relief in this case, such relief will not require a 'different injunction or declaratory judgment against the defendant' for each class member." (quoting *Wal-Mart*, 564 U.S. at 360)). Thus, the Court will exercise its discretion and deny intervention for

8

that purpose.  *See* 7C Wright & Miller's Federal Practice & Procedure § 1922 (3d ed.) ("Since the trial court has full discretion to grant or deny an application for permissive intervention under Rule 24(b), it may if it chooses impose conditions on its grant of the application. . . . Most commonly, intervention has been allowed, but participation by the intervenor has been limited to certain issues." (footnotes omitted)); *see also* Fed. R. Civ. P. 23(d) ("In conducting an action under [Rule 23], the court may issue orders that . . . impose conditions on the representative parties or on intervenors . . . .").

The Court reaches a different conclusion, however, to the extent that Mr. Hopkins seeks to intervene for monetary relief.  This Court previously required notice to absent class members who may not otherwise be able to pursue monetary damages based on the preclusive effects of this case.  *See Pappas III*, 2024 WL 3985366, at *2–3.  Mr. Hopkins appears to intervene to assert his claims for individual damages that may not be otherwise available to him, as the Court and the notice to absent class members instructed.  *See* Compl. at 5; Updated Class Notice at 4, ECF No. 97-2.  Defendants offer two reasons why allowing Mr. Hopkins to intervene would cause delay, but neither is persuasive.  *See* Defs.' Opp'n at 4.

First, Defendants argue that if Mr. Hopkins is permitted to intervene, they "anticipate moving to dismiss [his] claim under Section 504."  *Id.*  But Defendants make no mention of his claim brought under the ADA.  *See id.*  Thus, it is unclear why Defendants' anticipated motion that would be only partially dispositive would meaningfully delay proceedings in this case, particularly where the types of discovery relevant to Mr. Hopkins's individual damages will not depend on the statutory basis of his claim.

Second, Defendants argue that Mr. Hopkins's intervention would cause delay "for further discovery."  *Id.*  Specifically, Defendants state that they will need "discovery on whether

Hopkins requested any reasonable accommodations, Hopkins's income and any attempts to secure employment since his disability retirement, and medical information pertaining to Hopkins's ability to work at the time of his retirement to the present." *Id.* They also note that "Hopkins may also seek discovery from Defendants." *Id.* Defendants' concerns of delay are unconvincing, particularly where the parties have already requested two extensions of time to complete discovery. *See* Joint Motions for Extension of Time to Complete Discovery, ECF Nos. 113, 114. At this time, the period for fact discovery has not yet closed, and the Court sees no reason why discovery on one additional individual's damages would cause a meaningful further delay. If Mr. Hopkins were to seek discovery that may unreasonably delay proceedings, the Court could address the dispute at that time.

Moreover, Mr. Hopkins appears to have precisely followed the Class Notice's instructions to pursue monetary damages. That notice explained that "[i]f you want to sue for money, then you may file a motion to intervene in this lawsuit or you may file your own separate lawsuit. . . . The Court has set a deadline of Jan. 23, 2025 for individuals to intervene."[2] Updated Class Notice at 4. To deny Mr. Hopkins's motion after he followed these instructions, which the parties previously "jointly agreed on," would be unjustified absent a showing of prejudice to the

---

[2] That notice also informed absent class members about the potential issue of exhaustion. *See* Updated Class Notice at 4. Ordinarily, a plaintiff must exhaust his administrative remedies prior to bringing claims under the ADA. *See Smith v. Reynold & Assocs., Inc.*, No. 23-cv-1582, 2024 WL 2273589, at *3 n.2 (D.D.C. Mar. 3, 2024). Mr. Hopkins pleads that his claims are sufficiently similar to those of the certified class to be deemed vicariously exhausted. Mot. Intervene at 2; *Pappas I*, 513 F. Supp. 3d at 78 ("Vicarious exhaustion is available only to parties whose claims are so similar to those asserted by the original plaintiff that no purpose would be served by requiring them to file independent charges." (internal quotation marks omitted)). The Court notes that vicarious exhaustion would appear to apply to Mr. Hopkins in his capacity as a putative intervenor because his claims are similar to Plaintiff Pappas's claims, and therefore, Plaintiff Pappas's EEO filings could have put the EEOC or MPD on notice. *See Pappas III*, 2024 WL 3985366, at *4. To the extent Defendants disagree, they can raise this issue in a subsequent motion.

original parties.  *See* Joint Status Report, ECF No. 92.  Accordingly, the Court will grant Mr. Hopkins's motion to intervene to seek monetary damages.

## V.  CONCLUSION

For the foregoing reasons, Mr. Hopkins's Amended Motion to Intervene (ECF No. 109) is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  January 9, 2026                                        RUDOLPH CONTRERAS
                                                               United States District Judge