**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| STEVE PAPPAS, *et al.*, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 19-2800 (RC) |
| | : | | |
| v. | : | Re Document No.: | 135 |
| | : | | |
| DISTRICT OF COLUMBIA, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

## GRANTING FELICIA PAPPAS'S MOTION TO SUBSTITUTE PLAINTIFF PARTY

## I. INTRODUCTION

Plaintiffs Steve Pappas, Tawana Lindsay, Nichole Mathies, and Malachi Malik, on their own behalf and on behalf of a class of certified current and former D.C. Metropolitan Police Department officers ("MPD"), bring this action against the District of Columbia and Jeffery W. Carroll[1] (collectively, "Defendants"), in his official capacity as the MPD Chief of Police. Plaintiffs allege that Defendants violated Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §§ 794, *et. seq.*, by implementing a disability retirement policy without providing reasonable accommodations. Before the Court is Felicia Pappas's motion to substitute herself for her husband, decedent Plaintiff Steve Pappas, as plaintiff and class representative. For the reasons explained below, the Court will grant the motion.

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Carroll has been substituted for his predecessor.

## II. FACTUAL BACKGROUND

On April 21, 2026, Plaintiffs filed the operative complaint against Defendants, which asserts three causes of action: (1) discrimination in violation of Title I of the ADA; discrimination in violation of Section 504, on behalf of Mr. Pappas; and discrimination in violation of Section 504 on behalf of Mr. Malik. 4th Am. Compl. ("FAC") ¶¶ 97–137, ECF No. 131. The request for relief, applicable to all three claims, seeks: (a) a permanent injunction enjoining defendants from engaging in employment practices that discriminate on the basis of disability; (b) a Court order directing Defendants to institute and carry out policies that provide equal employment opportunities for qualified individuals with disabilities; (c) back pay, front pay, and benefits with prejudgment interest, compensatory damages for past and future pecuniary losses, and other affirmative and equitable relief necessary to eradicate the effect of Defendants' unlawful employment practices; (d) compensation for past and future non-pecuniary losses; (e) further relief as the Court deems necessary; and (f) attorney's fees and costs. FAC at 20–21.

Mr. Pappas passed away on April 9, 2026, and his notice of death was filed on April 17, 2026. Not. of Death at 1, ECF No. 129. No personal representative of the estate has been appointed. Mot. to Substitute Pl. Party ("Pl.'s Mot."), Ex. 2 ¶ 5, ECF No. 135. As its sole distributee, Ms. Pappas is its personal representative. *Id.* On June 8, 2026, Ms. Pappas filed the instant motion to substitute her, as personal representative of Mr. Pappas's estate, as plaintiff and class representative in this matter. Pl.'s Mot. at 1–2. Defendants partially opposed the motion, and Ms. Pappas subsequently filed a reply. Defs.' Partial Opp'n to Pls.' Mot. to Substitute Party ("Defs.' Opp'n), ECF No. 137; Reply in Supp. of Mot. to Substitute Pl. ("Pl.'s Reply"), ECF No. 139.

## III. LEGAL STANDARD

### A. Substitution

Rule 25(a)(1) governs the issue of substitution, and it provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party. *See id.*

With respect to timeliness, "the ninety-day period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death." *Lightfoot v. D.C.*, 629 F.Supp.2d 16, 18 (D.D.C. 2009) (quoting *Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990)). Moreover, a suggestion of death "does not set in motion Rule 25(a)(1)'s ninety-day limitation unless the suggestion 'identif[ies] the representative or successor … who may be substituted as a party.'" *McSurely v. McClellan*, 753 F.2d 88, 98 (D.C. Cir. 1985) (per curiam) (quoting *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969)).

Regarding proper parties for substitution, the D.C. Circuit has construed Rule 25(a)(1) "[s]ensibly." *Id.* at 99. In view of the inclusion of the word "successor" in the Rule, "a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate." *Sinito v. U.S. Dep't of Just.*, 176 F.3d 512, 516 (D.C. Cir. 1999) (citing *Rende*, 415 F.2d at 986). To this effect, "the distributee of a decedent's estate may be a 'successor' of an estate that has been distributed and can thus be a proper party." *Id.* at 516; *see also McSurely*, 753 F.2d at 98–99 (listing cases); *Rende*, 415 F.2d at 985.

The death of a party implicates two distinct legal inquiries with respect to the party's claims: (1) the continued jurisdictional viability of the claim under Article III, and (2) the survivability of the underlying right of action as a matter of substantive law. Because both inquiries are implicated here, the Court addresses them in two steps. First, "while the death of a party generally moots any claim for injunctive relief, death usually does not moot a claim for monetary compensation." *Cobell v. Jewell*, 802 F.3d 12, 23 (D.C. Cir. 2015). Second, where the relevant federal statute does not contain an explicit survival provision, "the general rule under federal common law is that rights of action under federal statutes survive a plaintiff's death if the statute is remedial, not penal." *U.S., ex rel. Hood v. Satory Glob., Inc.*, 946 F.Supp.2d 69, 80 (D.D.C. 2013).

### B. Class Representative

A class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This rule "imposes two conditions on plaintiffs seeking to represent a class: first, 'the named representative must not have antagonistic or conflicting interests with the unnamed members of the class," and second, "the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*, 793 F. Supp. 3d 19, 102 (D.D.C. 2025), *aff'd sub nom. Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Mullin*, 174 F.4th 81 (D.C. Cir. 2026) (quoting *Twelve John Does v. D.C.*, 117 F.3d 571, 575 (D.C. Cir. 1997)).

## IV. ANALYSIS

### A. Timeliness

Ms. Pappas's motion for substitution is timely. She filed her motion less than 90 days after Mr. Pappas's death. In any event, because Mr. Pappas's notice of death did not identify a

successor, *see* Not. of Death at 1, the 90-day period under Rule 25(a)(1) has not begun to run, *see McSurely*, 753 F.2d at 98 (citing *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969)).

### B. Proper Party

A district court must determine if there is record evidence to show that a party is a proper party for substitution under Rule 25. *See*, e.g. *Sinito*, 176 F.3d at 516. In the instant case, Ms. Pappas affirmed that no personal representative of the estate has been appointed, but as its sole distributee, she is its personal representative. Pl.'s Mot., Ex. 2 ¶ 5. That is sufficient. *See Sinito*, 176 F.3d at 516; *McSurely*, 753 F.2d at 98–99. Ms. Pappas's sworn affirmation that she is Mr. Pappas's sole distributee thereby supplies an adequate basis for the Court to find her to be a proper party under Rule 25.

### C. Surviving Claims

Having determined Ms. Pappas's motion was timely and that she is a proper party for substitution, the Court turns to the survivability of Mr. Pappas's claims. The parties agree that Mr. Pappas's individual ADA and Section 504 claims have not been extinguished by his death, and Defendants do not oppose Ms. Pappas's substitution as a party to pursue non-punitive monetary relief related to those claims. *See* Defs.' Opp'n at 1–2; Pl.'s Mot. at 1. The parties also agree that Mr. Pappas's individual claims for injunctive relief are moot. *See* Defs.' Opp'n at 1–2; Pl.'s Reply at 1. The Court concurs with this analysis.

Two disputes remain, however. First, Defendants contend that Mr. Pappas's death moots his claims to "equitable relief, including injunctive relief," Defs.' Opp'n at 1, while Ms. Pappas concedes only the mootness of his injunctive relief claims, Pl.'s Reply at 1. Second, Defendants assert that any claims for monetary relief that is "punitive or penal" were extinguished by Mr. Pappas's death. Defs.' Opp'n at 2. The Court addresses each in turn.

First, the Court agrees with the parties that Mr. Pappas's individual claims for injunctive relief are moot. Specifically, Mr. Pappas's requests for a permanent injunction and order directing Defendants to institute non-discriminatory policies are moot because he is deceased. Under the principle that the death of a party moots any claim for injunctive relief, a deceased plaintiff cannot benefit from relief directed at defendants' future conduct. *See Cobell*, 802 F.3d at 23. The same logic applies to Mr. Pappas's requests for front pay and future pecuniary and non-pecuniary losses. Because Mr. Pappas will not earn future wages, his estate cannot recover from harms he will not experience, so these claims are moot.[2]

However, to the extent that Defendants argue that Mr. Pappas's requested "equitable relief" encompasses claims other than the injunctive relief discussed in the paragraph above, the Court disagrees that such claims are extinguished. Consider, for example, Mr. Pappas's claims for "other affirmative and equitable relief . . . necessary to eradicate the effects of [Defendants'] unlawful employment practices." FAC at 20. To the extent these claims serve to compensate for past harms and are recoverable by his estate, they are not moot.

While Mr. Pappas's individual claims for injunctive relief are moot, the parties agree that his ADA and Section 504 claims are not extinguished insofar as they seek non-monetary relief. The Court concurs. Because Mr. Pappas's claims arise under federal law, federal law supplies the survivorship rule. *See Carlson v. Green*, 446 U.S. 14, 23 (1980); *see also Burks v. Lasker*, 441 U.S. 471, 476 (1979). Under the federal common law another court in this district has

[2] However, Mr. Pappas's claims for back pay, accrued benefits, past pecuniary losses, and non-pecuniary losses are not extinguished. As discussed, the Court agrees with the parties that Ms. Pappas can pursue non-punitive monetary relief. Because these losses accrued before Mr. Pappas's death, she may recover them. *See Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 630 (case not moot where "[Plaintiff's] estate may recover money that would have been owed to [Plaintiff]"); *see also Cobell*, 802 F.3d at 23.

applied where a federal statute is silent on survival, rights of action survive a plaintiff's death if the statute is remedial. *See Hood*, 946 F.Supp.2d at 80. Compensatory claims under the ADA are remedial and therefore survive. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1056–57 (9th Cir. 2018) ("Here, the purposes of the ADA and [Rehabilitation Act] are remedial … Therefore, the ADA and [Rehabilitation Act] compensatory claims do not abate due to [the decedent]'s death, although the punitive claims do."). As such, Mr. Pappas's claims for back pay, accrued benefits, and past pecuniary and non-pecuniary losses under the ADA and Section 504 are not extinguished.

Second, the Court finds no punitive or penal relief in the complaint. The request for relief seeks back pay, front pay, benefits, compensatory damages for pecuniary and non-pecuniary losses, other affirmative and equitable relief, attorney's fees and costs, and further relief as the Court deems necessary. FAC at 20–21. None of these categories is punitive or penal. Attorney's fees under both the ADA and Section 504 are expressly authorized by statute. 42 U.S.C. § 12205; 29 U.S.C. § 794a(b).

In sum, as the parties agree, Mr. Pappas's individual claims for injunctive relief are moot. Mr. Pappas's claims for front pay and future pecuniary and non-pecuniary losses are likewise moot. However, as the parties agree and the Court confirms, Mr. Pappas's claims for back pay, accrued benefits, and past pecuniary and non-pecuniary losses under the ADA and Section 504 survive Mr. Pappas's death. Furthermore, no punitive or penal relief is at issue and any finding for attorney's fees and costs are authorized by statute.

**D. Class Representative**

Finally, the Court holds that Mr. Pappas is capable of adequately representing the class. That Mr. Pappas's individual claims for injunctive relief are moot does not compel a different

result. The Supreme Court has made clear that mootness and adequacy are separate issues, that plaintiffs with moot claims may adequately represent a class, and that a plaintiff with a moot claim may serve as a class representative. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404, 407,100 (1980); *Sosna v. Iowa*, 419 U.S. 393, 402–03 (1975). This Circuit applies that same framework. *See, e.g. J.D. v. Azar*, 925 F.3d 1291, 1313 (D.C. Cir. 2019).

Furthermore, in the instant case, Ms. Pappas appears capable of "vigorously prosecut[ing] the interests of the class through qualified counsel." *Lindsay v. Gov't Emps. Ins. Co.*, 251 F.R.D. 51,55 (D.D.C. 2008). Ms. Pappas appears prepared to pursue this litigation, and has retained Brown, Goldstein & Levy, LLP and Mehri & Skalet, PLLC—counsel of record for Plaintiffs Lindsay, Mathies, and Malik and the certified class, and former counsel for Mr. Pappas—to represent her as personal representative of the Estate in this matter. Pl's Mot. at 1–2. Moreover, Ms. Pappas does not appear to have any conflict of interest with any members of the proposed class, and Defendants do not oppose her substitution as class representative. Opp'n at 2. The Court is thereby confident of the adequacy of the class's representation.

## V. CONCLUSION

For the foregoing reasons, the Court grants Ms. Pappas's motion for substitution. Mr. Pappas's individual claims for injunctive relief, front pay, and future pecuniary and non-pecuniary losses are moot and are dismissed. Mr. Pappas's claims for back pay, accrued benefits, past pecuniary and non-pecuniary losses, and attorney's fees and costs under the ADA and Section 504 are not extinguished. Mr. Pappas is dismissed from the action and Ms. Pappas is substituted in his place as plaintiff and class representative. The class's claims are unaffected. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: September 2, 2026

RUDOLPH CONTRERAS
United States District Judge